**Arthur G. B. METCALF, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6436.**

United States Court of Appeals
First Circuit.

Heard March 1, 1965.

Decided March 30, 1965.

John Barr Dolan, Boston, Mass., with whom Karl J. Hirshman, Boston, Mass., was on brief, for petitioner.

Carolyn R. Just, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, WATERMAN,[*] Circuit Judge, and GIGNOUX, District Judge.

ALDRICH, Chief Judge.

This is a petition to review a decision of the Tax Court upholding the Commissioner's determination that certain payments made by the taxpayer to his divorced wife, hereinafter wife, were not deductible from his gross income for the years 1955 and 1956 pursuant to section 71 of the 1954 Code relating to alimony and separate maintenance. See 26 U.S.C. § 215. Taxpayer and wife were divorced in 1951. In contemplation of divorce they entered in 1950 into a Massachusetts-type trustee agreement pursuant to which taxpayer was to pay the wife $150 weekly. The parties had five minor children. The agreement provided that upon

[*] Sitting by designation.

the death, or marriage, or majority of each child the weekly payments would be reduced by $25. There was a further provision that upon the remarriage of the wife there would be a similar $25 reduction. In prior litigation between taxpayer and the Commissioner, Metcalf v. Commissioner, 1 Cir., 1959, 271 F.2d 288, we construed this agreement as a "written instrument fix[ing], in terms of an amount of money * * * a sum which is payable for the support of minor children of such husband," I.R.C. of 1939, § 22(k), to wit, $125 a week. We accordingly held, inter alia, that taxpayer could not deduct this amount from his gross income. Thereafter, in a substantially similar case, the Second Circuit reached the opposite conclusion. Lester v. Commissioner, 2 Cir., 1960, 279 F.2d 354. On certiorari Lester was affirmed. Commissioner v. Lester, 1961, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306. The Supreme Court held that to "fix" by written instrument meant to fix by specific designation rather than by interpretation. The Court held that Congress was interested in "specificity," and that the actual intent or effect of the agreement as disclosed by "construction of its nonspecific provisions" was not the test from the standpoint of the revenue laws. It added, "Congress was [not] concerned with the perhaps restricted uses of unspecified child-support payments permitted the wife by state law." Id. at 304, 81 S.Ct. at 1346.

Our decision in Metcalf v. Commissioner, supra, related to the year 1951. In the course of our opinion we adverted to the divorce decree and the fact that, allegedly pursuant to customary Massachusetts practice, the agreement was not referred to therein. In point of fact the divorce decree, as amended, required taxpayer to pay $175 weekly rather than $150, and made no even implied allocation of what the wife was to use for herself, and what for the children. In April 1954, the custody of one of the minor children was ordered transferred to taxpayer. The decree made no reduction, however, in the amount of the payments. In October 1954 the wife remarried. Thereafter, on her petition, the probate court entered a modified decree to the effect that taxpayer should pay the wife $125 weekly "for the support" of the four named children of whom she retained custody.

We are presently concerned with the question whether, following the wife's remarriage and the modified decree, payment by taxpayer of $125 a week to the wife was deductible from his gross income as alimony under section 71(a) of the 1954 Code, or fell within section 71 (b),[1] the successor to section 22(k) of the 1939 Code. The Tax Court, affirming the Commissioner, held the taxpayer could not deduct the payments.

We dispose quickly of taxpayer's contention that the Commissioner is collaterally estopped by our prior holding that the probate decree did not terminate the agreement of the parties, and that the agreement, rather than the decree, controlled the tax consequences. This portion of the decision was not in any way involved in Lester. Without regard to collateral estoppel we adhere to our conclusion that the decree did not terminate the agreement. Both the agreement and whatever may be the decree from time to time are concurrently in effect. As we pointed out in our earlier opinion, 271 F.2d 288, at 292, under Massachusetts law the parties cannot, by private contract, limit the probate court's

---

1. "Payments to support minor children.— Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support."

68

award of support to either wife or children. On the other hand, the court's awarding less would not bar an independent action upon the agreement. We will not, however, hold that the agreement rather than the decree governs the present case. During the tax years in issue taxpayer was expressly required by the decree, with the specificity required by the statute, to pay $125 weekly for the support of his minor children. The fact that we held earlier that we would look to the agreement and not to the then unspecific decree cannot control under these changed circumstances.

There is now no difference, so far as substantive obligation is concerned, between the decree and the agreement, except that possibly the latter calls for smaller payments. Taxpayer's description of the decree as a "fortuity * * * [in its] failure to award alimony after remarriage," and his assertion that the wife's rights under the agreement "include the right to use the payments to her for her own support" are both misconceptions. Clearly the intent of the agreement was that the wife's personal share ceased on her remarriage.[2] It may well be that a parent having custody of minor children may use part of the children's income for general household expenses, but this principle would be as applicable to the decree as to the agreement. We find no merit in the proposition that where the taxpayer's payments, being now identified by a court decree with the requisite specificity, fall precisely under the language of the statute, they are to be removed from its effect because the payments are, in addition, in satisfaction of a separate agreement of like import and substance which lacks certain formal requirements from a tax standpoint.

Affirmed.

---

2. As we held in our prior opinion, the agreement, as a matter of interpretation, segregated what was paid on account of alimony, ceasing on remarriage, and what was payable on account of the support of the children. Lester, as we have pointed out supra, specifically avoided contradicting this. If anything in the present case is governed by collateral estoppel it is this construction of the agreement.