GERALDINE E. GRUMMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
WILLIAM T. GRUMMER AND BLANCHE E. GRUMMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 321–65, 3562–65. Filed August 25, 1966.

*Martin L. Moore, Jr.*, for the petitioner in docket No. 321–65.
*Thomas D. Wright*, for the petitioners in docket No. 3562–65.
*John W. Tissue*, for the respondent.

DAWSON, *Judge:* In these consolidated proceedings respondent has determined the following deficiencies in the income taxes of petitioners:

| Petitioners | Docket No. | Year | Deficiency |
|---|---|---|---|
| Geraldine E. Grummer | 321–65 | 1956 | $320.33 |
| | | 1957 | 351.14 |
| | | 1958 | 357.88 |
| | | 1959 | 351.95 |
| | | 1960 | 620.55 |
| | | 1961 | 889.78 |
| | | 1962 | 897.35 |
| William T. Grummer and Blanche E. Grummer | 3562–65 | 1959 | 1,853.40 |
| | | 1960 | 2,659.56 |
| | | 1961 | 3,437.98 |
| | | 1962 | 3,540.00 |

The only issue for decision is whether payments made by William Grummer to Geraldine Grummer, his former wife, pursuant to a written separation agreement entered into incident to divorce, constituted alimony or child support during the years in controversy.

FINDINGS OF FACT

Some of the facts have been stipulated by the parties. The stipulations of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner in docket No. 321–65, Geraldine E. Grummer (hereafter called Geraldine), is a single person who resides in Pittsburgh, Pa. She filed no Federal income tax returns for the years 1956 through 1962 on advice of counsel, believing that she had no taxable income in such years.

Petitioners in docket No. 3562–65, William T. (hereafter called William) and Blanche A. Grummer, are husband and wife residing in New York, N.Y. They formerly resided in Pittsburgh, Pa., and filed joint Federal income tax returns for the years 1959 through 1962 with the district director of internal revenue at Pittsburgh. Blanche A. Grummer is a party to this action only because she filed joint tax returns with William.

Geraldine and William were formerly husband and wife, having been married on June 1, 1939, at Tulsa, Okla., and are the parents of seven children. The names and dates of birth of these seven children are as follows:

```
William T. Grummer, Jr_____ Oct. 11, 1940
Barbara A. Grummer_____ Nov. 12, 1941
Gerald A. Grummer_____ Oct. 26, 1942
Julia E. Grummer_____ Nov. 26, 1943
Martha L. Grummer_____ Oct. 9, 1946
Mary G. Grummer_____ Aug. 8, 1950
Robert J. Grummer_____ Oct. 22, 1952
```

Geraldine and William ceased living together sometime prior to March 26, 1955. Geraldine filed a complaint, No. 3247 April Term 1955, in the Court of Common Pleas of Allegheny County, Pa., on March 26, 1955, for a divorce from bed and board. An amendment to this complaint was filed on May 18, 1955, to include a prayer for

permanent alimony. On December 21, 1955, Geraldine further amended her complaint, praying that an absolute divorce be granted.

On December 23, 1955, Geraldine and William executed a written agreement which provides, in pertinent part, as follows:

WHEREAS First Party [Geraldine] and Second Party [William] are husband and wife but are not presently living together; and

WHEREAS First Party has filed suit against Second Party at No. 3247 April Term 1955 in the Court of Common Pleas of Allegheny County, Pennsylvania, for divorce from bed and board and intends to file a petition in said Court for alimony pendente lite and for counsel fees; and

WHEREAS First Party desires to change her suit from bed and board to absolute divorce; and

WHEREAS First Party and Second Party desire to settle their property rights and First Party's claim for alimony, counsel fees, and support for their seven minor children:

NOW THEREFORE, it is hereby mutually agreed as follows:

\*     \*     \*     \*     \*     \*     \*

3. Second Party agrees that in lieu of the alimony accompanying a divorce from bed and board, and support for the seven minor children of First and Second Parties, a decree be entered in the County Court of Allegheny County, Pennsylvania, specifying the payment of $650.00 per month for support of said children.

4. \* \* \* \*

(g) All claims for support and maintenance by First Party against Second Party, and all claims of either party against the other on account of property rights shall, in consideration of the foregoing. be extinguished and released, \* \* \*

5. The payments provided for in paragraph 3 hereof shall continue until the oldest of First and Second Parties' children reaches the age of 21, when the monthly amount of such payment shall be reduced to the sum of $600.00, and the attainment of age 21 by each child subsequently shall result in a reduction of the monthly payment required to be made by the Second Party by an additional sum of $50.00, provided, however, that if at the time the first or any subsequent reduction of $50.00 in monthly payments is due, the sum of $650.00 or the sum then being paid is less than 20% of Second Party's current gross monthly salary less Social Security, withholding and insurance deductions, then no reduction shall be made. Insurance deductions shall be limited to deductions for insurance for the benefit of First Party and the children of First and Second Parties. Moreover, before any reductions in monthly payments under the foregoing provision can be made, Second Party must furnish to First Party a sworn statement from his employer as to the amount of his current gross monthly salary and the amount of the above deductions. When the last of First and Second Parties' children reaches the age of 21 years the support order in the County Court of Allegheny County shall be terminated but the monthly payments, as and if reduced, shall continue for the benefit of First Party until her death or remarriage.

On January 24, 1956, a decree of absolute divorce was granted to Geraldine by the Court of Common Pleas of Allegheny County, Pa.

Pursuant to the above agreement, William paid in monthly installments annual amounts of $7,655 in 1956 and $7,800 in each of the years 1957 through 1962. Payments have remained the same ($7,800) up

to the date of the hearing in these cases. William claimed deductions for alimony payments of $3,600 in his Federal income tax returns for the years 1959, 1960, and 1961, respectively, and $4,450 in his 1962 tax return. In the statutory notice of deficiency, respondent disallowed $7,800 in alimony payments for each of these years on the ground that they were payments for child support and not for alimony.[1] In his notice of deficiency sent to Geraldine, respondent treated these periodic payments as alimony which she should have reported as income in the years in question. Respondent now agrees that these payments cannot be treated as alimony in one case and as child support in the other.

All seven children lived with Geraldine in Pittsburgh, Pa., from the time William and Geraldine ceased living together through 1962, the last year in controversy, except William, Jr., and Barbara who left their mother's household in 1962 to establish their own homes.

### OPINION

William contends that parol evidence should be admitted to show that the substance of the written separation agreement was that the payments to Geraldine were intended as both alimony and child support. He argues that, even if the parol evidence he offered is not considered, the agreement itself does not sufficiently "fix" the payments to Geraldine as child support under section 71(b), I.R.C. 1954.[2] Under either theory he asserts that all of the payments must be treated as alimony under section 71(a)(2)[3] and deductible by him under section 215(a).[4]

---

[1] We have received in evidence the revenue agent's report and Form 870 executed by William for the limited purpose of explaining this discrepancy between alimony payments deducted by William and those disallowed by respondent. It appears that in the audit of his returns William was allowed additional annual deductions as alimony for amounts which he had previously treated as child support. William now claims that he was entitled to a deduction of $7,800 for alimony payments in each of the years involved.

[2] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

[3] SEC. 71(a)(2). WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

[4] SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.

Geraldine and the respondent contend that since the agreement specifically "fixes" the payments made by William to Geraldine as child support, they must be so treated. They argue that there is no ambiguity in the language used in the agreement and that the parol evidence offered by William should not be admitted and considered. The main thrust of their argument is that the parties to a divorce proceeding are given a choice between having periodic payments treated as alimony or child support and that William and Geraldine made such a choice when they "specifically designated" the payments as child support.[5]

In *Commissioner* v. *Lester*, 366 U.S. 299 (1961), the Supreme Court considered the question of when periodic payments would be treated as child support rather than alimony. It said (pp. 304–306) :

Its [Congress] concern was with a revenue measure and with the specificity, for income tax purposes, of the amount payable *under the terms of the written agreement* for support of the children. * * * The Code merely affords the husband a deduction for any portion of such payment not specifically earmarked in the agreement as payable for the support of the children. [Emphasis added.]

As we read §22 (k) [the forerunner to sec. 71(a) and (b)], the Congress was in effect giving the husband and wife the power to shift a portion of the tax burden from the wife to the husband by the use of a simple provision in the settlement agreement which fixed the specific portion of the periodic payment made to the wife as payable for the support of the children. * * *

* * * * * * *

After all, the parties may for tax purposes act as their best interests dictate, provided, as that section [22(k)] requires, their action be clear and specific. Certainly the Congress has required no more and expects no less.

Thus the Supreme Court held that Congress intended to let the parties to a divorce dictate the tax consequences of periodic payments by the language of the divorce decree or written agreement executed incident thereto. So long as any portion of such payments is "specifically earmarked" as payable for the support of the children, it cannot be treated by the husband as a deductible alimony payment. See *Metcalf* v. *Commissioner*, 343 F. 2d 66 (C.A. 1, 1965).

The written agreement here plainly states that in lieu of alimony accompanying a divorce from bed and board and support for the seven minor children, Geraldine and William agree to a decree "specifying the payment of $650 per month for support of said children." The language is clear and unambiguous. The money Geraldien received was earmarked for the support of the children. Unlike the payments in *Lester*, such amount was "fixed" according to the re-

[5] Income Tax Regs. Sec. 1.71–1 Alimony and separate maintenance payments; income to wife or former wife.

(e) *Payments for support of minor children.* Section 71(a) does not apply to that part of any periodic payment which, by the terms of the decree, instrument, or agreement under section 71(a), is specifically designated as a sum payable for the support of minor children of the husband.

quirements of section 71(b). Whether the children received all of the periodic payments and Geraldine none or whether any part of the payments were actually intended and used for Geraldine's support are completely irrelevant considerations once the amount is "specifically designated" as child support in the agreement. In the *Lester* case the Supreme Court gave us a mandate that under section 71(b) the form of the agreement molds the tax consequence and freezes the substance.

William maintains that since Geraldine will receive a minimum of $300 even after the children reach their majority, such portion of the periodic payments clearly was alimony to her, regardless of other language in the agreement to the contrary. However, in view of the fact that the reduction of payments in *Lester* when a child married, died, or became emancipated was not sufficient to "fix" a portion of such payments as support, we see no reason why such an arrangement should "unfix" the support agreement here. Surely Congress did not intend that "a sufficiently clear purpose" should override a specific designation to the contrary as to the treatment of the payments. See *Commissioner* v. *Lester, supra* at 305.

At the trial William sought to introduce evidence that he and Geraldine never intended the periodic payments to be solely for the support of the minor children. Both Geraldine and the respondent vigorously objected to the admission of such evidence. Although we reserved a final ruling as to its admissibility, we tentatively received the testimony offered.

After careful consideration of the arguments advanced by the parties, we have concluded that parol evidence is not admissible under these circumstances. Therefore, we sustain the objection raised by Geraldine and respondent and disregard the testimony of both William and Geraldine. The decision in *Lester* does not permit us to resort to extrinsic evidence to determine the intent, motives, or conduct of the parties with respect to the written separation agreement. See *Louise Ross*, T.C. Memo. 1964-333.

There is no ambiguity in the language of the agreement. The parties stated with clarity that the periodic payments were to be treated solely as support for the children. This was their option under the holding of *Lester*. An ambiguity cannot be implied simply because Geraldine chose support payments for her children instead of alimony accompanying a divorce from bed and board [6] or that such periodic payments were to be treated as alimony in the future. There was sufficient specificity in the agreement as to the intended nature of the periodic payments; thus we think parol evidence is not admissible.

[6] If an absolute divorce is obtained in Pennsylvania, there can be no enforceable permanent alimony under the divorce decree. *Commissioner* v. *Mesta*, 123 F. 2d 986 (C.A. 3, 1942); *Dixon* v. *Commissioner*, 109 F. 2d 984 (C.A. 3, 1940).

See *Commissioner* v. *Lester*, *supra* at 302–303; *Metcalf* v. *Commissioner*, *supra* at 67; and *Arthur D. Thomson*, 42 T.C. 825, 831 (1964).

William's able counsel cites in his comprehensive brief *Walter Lacy*, 39 T.C. 1100, 1104 (1963), affd. 341 F. 2d 54 (C.A. 10, 1965), and several other cases [7] for the general rule that parol evidence is admissible in a Federal tax case where the Commissioner of Internal Revenue is a party litigant, even though parol evidence might not be admissible between the parties to the disputed agreement. We believe the reliance on *Lacy* is misplaced for these reasons: (1) The Lacy contract, unlike the separation agreement here, was unclear; (2) the parol evidence objection raised by Lacy was not against Cuckler and Brown, the opposing taxpayers and the other parties to the contract, but against the Commissioners; (3) Lacy's objection was belatedly asserted on reply brief and not interposed at the trial; and (4) the precise statutory requirements of section 71(b) and the pronouncements of the *Lester* decision create an exception to the general rule.

In our opinion the *Lester* case established a substantive rule of law that extrinsic evidence designed to alter the language of a divorce decree or separation agreement will not be considered in determining whether payments constitute alimony or child support when the agreement of the parties specifically and unequivocally fixes the character of such payments. Consequently, we are compelled to ignore the parol and other extrinsic evidence offered herein as irrelevant and as having no probative value. See 9 Wigmore, Evidence, sec. 2446; and McCormick, Evidence, secs. 151 and 152.

We conclude that William and Geraldine by the terms of their separation agreement fixed the periodic payments as support for the children only and that such designation is conclusively determinative of the income tax consequences. Accordingly, William is not entitled to deduct the payments as alimony and Geraldine realized no taxable income from their receipt.

> *Decision will be entered for the petitioner in docket No. 321–65.*
>
> *Decision will be entered for the respondent in docket No. 3562–65.*

---

[7] *Elizabeth H. Bardwell*, 38 T.C. 84 (1962), affd. 318 F. 2d 786 (C.A. 10, 1963); *Thorsness* v. *United States*, 260 F. 2d 341 (C.A. 7, 1958); *Landa* v. *Commissioner*, 211 F. 2d 46 (C.A.D.C. 1954); *Ann Hairston Ryker*, 33 T.C. 924 (1960); but see contra *Clark* v. *United States*, 341 F. 2d 691 (C.A. 9, 1965); *Jurs* v. *Commissioner*, 147 F. 2d 805 (C.A. 9, 1945); and *Pugh* v. *Commissioner*, 49 F. 2d 76 (C.A. 5, 1931).