CHESTER L. TINSMAN AND HELEN J. TINSMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2589–65. Filed March 3, 1967.

*Ralph L. Bailey,* for the petitioners.
*Charles F. T. Carroll,* for the respondent.

SIMPSON, *Judge:* Respondent determined deficiencies in petitioners' income tax in the amount of $586.03 for the taxable year 1961 and $745.89 for the taxable year 1962. The only issue remaining for decision is whether the periodic payments made by petitioner Chester

---

L. Tinsman to his former wife are fixed as for the support of a minor child within the meaning of section 71(b) of the Internal Revenue Code of 1954.[1]

FINDINGS OF FACT

Some of the facts were stipulated, and those facts are so found.

Petitioners are husband and wife currently residing in Clinton, Md. The petitioners filed their joint Federal income tax returns for the years 1961 and 1962 with the district director of internal revenue at Baltimore, Md. Chester L. Tinsman will be referred to as the petitioner.

In 1960, Lorraine Tinsman, the former wife of petitioner, brought suit against petitioner in the District of Columbia Municipal Court (now the Court of General Sessions) for separate maintenance. On May 2, 1960, petitioner and Lorraine Tinsman entered into a separation agreement, which provided that petitioner should pay $32.50 per week "as contribution to the support and maintenance of the wife and child." On June 7, 1960, the District of Columbia Municipal Court entered a consent order, based upon the separation agreement, requiring petitioner to pay $32.50 per week to Lorraine Tinsman "as maintenance for herself and their minor child, Bonnie Lorraine Tinsman." These payments were to be made through the clerk of the court. Petitioner made these payments during the years 1960, 1961, and 1962.

In the latter part of 1960, petitioner brought suit for divorce from Lorraine Tinsman in the Circuit Court of Worcester County, Md. Lorraine Tinsman was served by publication and did not appear to contest the suit. On March 14, 1961, a decree of absolute divorce was entered in this suit, which required petitioner to pay Lorraine Tinsman $32.50 per week "for support of his minor child, namely the said Bonnie Lorraine Tinsman." Thereafter, petitioner continued to pay $32.50 per week to Lorraine Tinsman through the clerk of the Municipal Court of the District of Columbia.

Lorraine Tinsman believed the payments made to her were for child support. Sometime after 1962, custody of Bonnie Lorraine Tinsman was transferred to petitioner, and at that time, the payments were discontinued.

On their income tax returns, the petitioners' deducted $1,705.60 in each of 1961 and 1962 as alimony payments. Respondent disallowed these deductions. Respondent has since conceded that $292.50 of the payments made in 1961 are deductible because such payments were made before the entry of the Maryland decree of absolute divorce.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

Petitioner contends that he is entitled to deduct the payments made by him in 1961 and 1962 to his former wife under the provisions of section 215. Section 215 allows a deduction to the husband for amounts includable under section 71 in the gross income of his divorced or legally separated wife. The general rule of section 71 includes in such wife's gross income periodic payments received in discharge of a legal obligation imposed on the husband under a decree of divorce or separate maintenance. However, section 71(b) provides that this general rule does not apply "to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband"; consequently, such portion is not deductible by the husband under section 215. The respondent argues that the payments made by the petitioner in this case were fixed as child support payments and that therefore they were not deductible by him.

In *Commissioner* v. *Lester*, 366 U.S. 299 (1961), the Supreme Court construed section 71(b), holding that a payment, in order to be excluded from the wife's income as child support, must be "specifically designated" as child support in the instrument providing for it.

Our problem in this case arises because the payments made by the petitioner satisfied his obligation under two decrees. The decree of separate maintenance filed in the District of Columbia and the separation agreement do not specifically designate any part of the payments required under the decree as child support. The decree of absolute divorce filed in Maryland specifically designates all of the payments required under it as child support.

In *Lester*, the Supreme Court reviewed the legislative history relating to the alimony provisions and concluded that the legislative purpose was to permit the husband and wife to shift the tax burden as they wished so long as they were "clear and specific." We think that in the situation before us the parties have not been clear and specific.

Though in many situations we examine the circumstances surrounding the execution of legal instruments to ascertain the intent of the parties, in this situation, we are under a mandate to be governed by the form of the instruments. *Geraldine E. Grummer*, 46 T.C. 674 (1966). Since the alimony provisions do enable the husband and wife to shift the tax burden with respect to the alimony and support payments, it is necessary to have a clear and expressed understanding as to who is assuming that burden. Without such an understanding, the parties do not know who is entitled to a deduction and who is required to pay a tax on the payments; nor does the tax collector know from whom to collect the tax. The situation before us illustrates what can happen when the instruments are ambiguous. The separation agreement and the first decree clearly lacked a specified designation of support pay-

ments. When the later decree was secured, it standing alone appeared to contain the required designation. However, it failed to make clear whether the later decree was intended to supplant or modify the earlier decree in characterizing the payments to the wife, and no action was taken in the District of Columbia to reconcile the two decrees. As a result, the husband may in good faith believe that he is entitled to a deduction, but the wife, also acting in good faith, may believe that she is not required to pay a tax on the payments; and the respondent does not know what to do. Moreover, this difficulty cannot be overcome by considering parol evidence, such as the belief of one of the parties as to the purpose of the payments. *Geraldine E. Grummer, supra.*

We think that the shifting of the tax burden authorized by section 71(b) should take place only when there is a legal instrument or instruments which expressly make clear the rights and obligations that are being created. In the situation before us, there was lacking that clarity of rights and obligations, and thus, we conclude that the payments were not specifically designated as support payments within the meaning of section 71 (b) and the *Lester* rationale.

In addition, we reach the same result by considering which of the decrees governs in characterizing the payments. In the suit for divorce in the Circuit Court of Worcester County, Md., Lorraine Tinsman was served by publication, and she did not appear to contest the suit. It appears that while this ex parte Maryland divorce decree effected a change in the marital capacity of both parties in all of the States of the Union, States other than Maryland are not required by the Constitution to give full faith and credit to that part of the divorce decree pertaining to alimony or child support. *Estin* v. *Estin*, 334 U.S. 541 (1948). The Court of Appeals for the District of Columbia has held that under the Full Faith and Credit clause of the Constitution, an ex parte foreign divorce procured by a husband does not operate as a bar to a subsequent suit by the wife in the District of Columbia for support and maintenance for herself and her child. *Hopson* v. *Hopson*, 221 F. 2d 839 (C.A.D.C. 1955). Both petitioner and Lorraine Tinsman entered appearances in the suit for separate maintenance in the District of Columbia. Therefore, because the child support provision of the Maryland decree may not be binding on Lorraine Tinsman, a resident of the District of Columbia, and because the District of Columbia decree is clearly binding on both the petitioner and Lorraine Tinsman, we conclude that, for the purpose of ascertaining the character of the payments from petitioner to Lorraine Tinsman under section 71, we should follow the language of the District of Columbia decree.

Respondent argues that since the payments were designated as for child support in one of the decrees, they must be treated as child support payments under the holding of *Arthur D. Thomson*, 42 T.C. 825 (1964), affirmed sub nom. *Metcalf* v. *Commissioner*, 343 F. 2d 66

(C.A. 1, 1965). In that case, a separation agreement did not specifically designate any portion of a $125-per-week payment from husband to wife as child support. However, a later amended divorce decree provided for payments, specifically designated as child support, in the same amount. Under applicable local law, both the separation agreement and the divorce decree continued in effect, and both were enforceable during the years at issue. Each instrument imposed an obligation, but the same payment discharged both obligations. The Court held that since one instrument fixed the payments as child support, the language of section 71(b) was satisfied, and the payments were accordingly not deductible by the husband. The Court stated at page 833:

Sections 71(a) and (b) are each written in the disjunctive. Section 71(b) provides that there shall not be included in the wife's income any payment which the terms of the "decree" or the "agreement" fix as child support. Under that section, when both the decree and the agreement are effective and enforceable, it is necessary only that one or the other of the instruments "fix" the amount as payable for support of the husband's minor children.

We think that the *Thomson* decision is distinguishable and does not govern the result in the case before us. It was based on the specific language of section 71(b), "decree * * * or agreement." But in the present case we cannot rely on that language. We do not have a decree or agreement containing inconsistent language; rather, we have two decrees entered in two separate jurisdictions, each decree characterizing the payments in a different manner. A further difference between the two cases is that in *Thomson* there was no question but that the child support provisions of the divorce decree applied to both husband and wife. Hence, regardless of the terms of the separation agreement, it was clear that a payment of $125 per week had to be made for the support of the children. But in the present case, it is not clear that the child support provisions of the Maryland divorce decree are binding on Lorraine Tinsman.

*Decision will be entered for the petitioners.*