JOHN C. GIORDANO AND NANCY J. GIORDANO, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2287-73, 7202-73, 8177-73.    Filed January 15, 1975.

John C. Giordano, pro se.
*Curtis O. Liles III,* for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes for the calendar years 1968, 1969, 1970, and 1971 in the amounts of $1,881.45, $887.14, $714.56, and $4,777.42, respectively.

Petitioners John C. Giordano and Nancy J. Giordano filed joint Federal income tax returns for the calendar years 1969, 1970, and 1971, and petitioner John C. Giordano, hereinafter referred to as petitioner, filed an individual Federal income tax return for the calendar year 1968.

Numerous adjustments were made in each of these years in respondent's notices of deficiency, and among these adjustments was a disallowance of claimed deductions by petitioner for alimony payments in the amount of $5,200 for each of the years to the extent of $4,600 in the years 1968 and 1970 and to the extent of $4,160 for each of the years 1969 and 1971. Also among the adjustments was a disallowance by respondent in the amount of $494 in 1969 and $80 in 1970 claimed by petitioner as an amount paid to an entity designated, "Organization of Organizations, Inc." and sometimes referred to as "Triple-O."

More than 30 days after an answer had been filed in each of the above-entitled cases, respondent filed, pursuant to the provisions

of Rule 121 of the Rules of Practice and Procedure of this Court, a motion for summary judgment requesting an adjudication in his favor of the issues with respect to petitioner's deduction for alimony payments and deductions for payments to the Triple-O.

Petitioner filed a reply to respondent's motion for summary judgment in which he recited that Triple-O had been ruled by respondent to be a tax-exempt organization under section 501(c)(4), I.R.C. 1954,[1] and that respondent had ruled that such an organization may establish a charitable fund, contributions to which are deductible. Petitioner further stated that the contributions which he made in the years 1969 and 1970 were of a type which were allowable deductions under respondent's ruling with respect to Triple-O. Respondent attached no affidavit or other information to his motion for summary judgment with respect to the deductions claimed by petitioner for contributions to Triple-O. Therefore respondent relied on the nature of the statement contained in petitioner's tax returns as filed respecting the deductibility of this item. In this state of the record, in our view a factual issue has been shown to exist with respect to the correctness of respondent's disallowance of petitioner's claimed deductions to Triple-O and therefore this issue is not one properly to be decided under a motion for summary judgment. Respondent's motion for summary judgment with respect to this issue is denied.

Respondent in support of his position that there is no issue of fact to be litigated with respect to the deduction by petitioner of alimony payments, attached to his motion copies of a complaint signed by Dorothy Giordano, petitioner's former wife, seeking a divorce, answer thereto, a stipulation signed by Dorothy and petitioner, and the final judgment in divorce granting Dorothy a divorce from petitioner. At the trial petitioner conceded that the copies of the documents attached to respondent's motion were true copies of the original documents and that these documents were in connection with a divorce obtained by his former wife, Dorothy, the final decree being entered on July 25, 1968.

In the complaint, Dorothy asked for the custody and control of the minor children of the parties, Michael age 10, and Mitchell age 8, and for maintenance for the children and for alimony for

---

[1] All references are to the Internal Revenue Code of 1954.

herself, as well as an absolute divorce. Insofar as here pertinent the stipulation between the parties provided as follows:

1. That the care, custody and control of the children of the marriage, Michael, of 10 years and Mitchell of 8 years, be in the Plaintiff, Dorothy Giordano, with reasonable visitation rights to the Defendant, John Giordano, Jr.

2. That the Defendant, John Giordano, Jr. pay to the Plaintiff, Dorothy Giodano, [sic] twenty (20) percent as alimony and eighty (80) percent as child maintenance of the following amounts as each may be applicable:

When Defendant be employed as Flight Engineer, the payment to be made per week shall be $100.00;

When employed as schedule airline mechanic, the payment to be made per week shall be $65.00;

When employed in other capacity receiving less pay than as Flight Engineer or airline mechanic, the payment to be made per week shall be $45.00.

The stipulation is dated May 14, 1968. The final judgment in divorce entered in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County on July 25, 1968, grants an absolute divorce to Dorothy and restores to each party the rights of a single person. This judgment provides that—

the stipulation agreed to by and between the Parties to this cause, designated as Plaintiff's Exhibit 1, dated May 14, 1968, a conformed copy of which is hereto attached is hereby ratified, approved and confirmed by the Court and made part and portion of this Judgment Decree, and the Parties hereto are ordered and directed to comply therewith.

Petitioner in his answer to respondent's motion and in his argument at the trial alleges that there is a factual issue with respect to the payments which he made to Dorothy during the years here in issue since it was the intent of the parties that the payments all be made to Dorothy as alimony. Petitioner, in Addendum to Petitioner's Current Notice of Objection, filed with this Court on November 22, 1974, makes the following statement:

7B.. That when prior to May 14th 1968 the petitioner and former-wife Dorothy Giordano drew-up the original schedual [sic] of minimum weekly payments to be paid by the petitioner to Dorothy Giordano the original agreement contained no mention of child support.

7C.. That when arrising [sic] out of the aforesaid agreement on May 14th 1968 the attorneys representing the aforesaid parties there-upon produce an official written wording of the terms of the original agreement, that thereof it again contained no mention of child support.

7D..That when just prior to the signing of the aforesaid officially worded instrument one of the attorneys there-upon proposed amending the subject

instrument for the sole expressed purpose of reducing the petitioner's payments by the amount of an agreeable percentage for such instance as when the two children involved became of legal age and/or such instance as when the divorced wife re-married.

7E. .That there-upon on that basis the phrase mentioning per-centages and mentioning child-support was drafted into the finalized divorce stipulation with the sole understanding that all payments would still be made exclusivly [sic] to only Dorothy Giordano.

7F. .That thereof based upon the spirit, intent, and wording of the aforesaid finalized stipulation the petitioner relinquished the "care", the "custody", and "control" of the two involved children and agreed to "pay to the plaintiff, Dorothy Giodano, [sic] (exclusively)" the applicable minimums set forth in the finalized instrument.

Petitioner, on the basis of these statements, argues that the issue should be litigated and the Court should determine that the amounts to be paid by petitioner were to be paid only to Dorothy and that the agreement incident to the divorce did not specify any portion of the payments to be child support or to be for child support.

Respondent's position is that under the holding of the Supreme Court in *Commissioner v. Lester*, 366 U.S. 299 (1961), and a number of cases decided by this Court following the Supreme Court's decision where the written agreement is unambiguous parol evidence is not admissible to alter the language of the agreement or to show that the unambiguous language of the agreement was not the intent of the parties. *Geraldine E. Grummer*, 46 T.C. 674 (1966); *Jean Talberth*, 47 T.C. 326 (1966); *Arthur D. Thomson*, 42 T.C. 825 (1964), affirmed sub nom. *Metcalf v. Commissioner*, 343 F. 2d 66 (C.A. 1, 1965).

Section 71(a)[2] provides that if a wife is divorced from her

---

[2] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

husband under a decree of divorce, the wife's gross income includes periodic payments received after such decree in discharge of a legal obligation under the decree or under a written instrument incident to such divorce or separation. Section 71(b) provides that subsection (a) of section 71 shall not apply to that part of any payment which "the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."

Prior to the decision of the Supreme Court in *Commissioner v. Lester, supra,* this Court had held that the intent of the agreement between the parties could be considered in determining whether any part of a payment to be made by a husband to his former wife was under the terms of the decree or instrument payable for support of minor children of the parties and that if the instrument as a whole showed an intent for a part of the payment to be for child support and part as alimony, an allocation of the amount specified between the two could be made. However, as we pointed out in the *Arthur D. Thomson* case, the Supreme Court in *Commissioner v. Lester, supra,* specifically rejected this position and held that under the statute (sec. 71(b)), the term "fix" means "expressly specified" and that the fact that an agreement showed a sufficiently clear purpose on the part of the parties that a portion of the payment was for child support and a portion was intended for alimony was immaterial.

In *Geraldine E. Grummer, supra* at 678, this Court quoted from *Commissioner v. Lester, supra,* the language which we considered to make it clear that parol evidence is not admissible to explain the intent of payments provided for in a divorce decree or instrument incident to divorce where "there is no ambiguity

---

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

in the language used in the agreement." In the *Grummer* case we pointed out further (at p. 680) that in our opinion, "the *Lester* case established a substantive rule of law that extrinsic evidence designed to alter the language of a divorce decree or separation agreement will not be considered in determining whether payments constitute alimony or child support when the agreement of the parties specifically and unequivocally fixes the character of such payments."

In our view the language in the stipulation of the parties here which was adopted by the Court is clear that 20 percent of each payment made by petitioner was for alimony and 80 percent for child support. Therefore, in our view, there is no genuine issue as to any material fact with respect to the claimed deductions by petitioner for alimony in this case, and a decision on this issue may be rendered as a matter of law. See *Fleming v. Patterson* (N. D. Ala. 1963, 12 AFTR 2d 5462, 63-2 USTC par. 9637).

Respondent in his motion recognizes that as to the year 1970 where he allowed petitioner a deduction for alimony of only $600, there would be a factual issue with respect to what constituted 20 percent of the total payment. However, respondent in his motion states that since the amount of $600 determined by him in the notice of deficiency with respect to 1970 to be an allowable alimony deduction is less than the maximum amount possible under the terms of the stipulation for the purpose of this motion only, he agrees that petitioner is entitled to an alimony deduction in 1970 of $1,040 which is 20 percent of the $5,200 which is the maximum payment petitioner, under any circumstances, was required to make in 1970 and 20 percent of the amount claimed by petitioner on his return to have been paid to his former wife in that year.

With respect to the year 1968 respondent points out that 23 weeks remained in the year after the entry of the divorce decree on July 25, 1968, and therefore the maximum amount petitioner was required to pay to his former wife under the decree in that year was $2,300. Respondent further points out that 20 percent of $2,300 is $460 whereas in the notice of deficiency for 1968 he allowed a deduction for alimony of $600, but states that he is not claiming any increased deficiency or that an amount of deductible alimony of less than $600 for the year 1968 should be determined. We therefore determine that petitioner is entitled to deductions for alimony in the year 1968 of $600 and in each of

the years 1969, 1970, and 1971 of $1,040, and that respondent properly disallowed claimed deductions in excess of these amounts.

Since our decision on the alimony issue is not upon the whole case, we will, under the provisions of Rule 121(c) of the Rules of Practice and Procedure of this Court, enter an appropriate order incorporating our ultimate holding as to the alimony deductions to which petitioner is entitled and directing that these cases be set for trial in due course with respect to the remaining issues.

*An appropriate order will be entered.*