REYNOLD C. MERRILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merrill v. Comm'r
Docket Nos. 5130-73, 2994-74. United States Tax Court
T.C. Memo 1975-147; 1975 Tax Ct. Memo LEXIS 223; 34 T.C.M. (CCH) 688; T.C.M. (RIA) 750147; May 19, 1975, Filed Reynold C. Merrill, pro se. Karin Skeen and Warren Nemiroff, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner *224 determined deficiencies of $8,865.86, $8,011.30, and $3,173.63 in petitioner's income tax for the calendar years 1969, 1970 and 1971, respectively. The only issue that remains to be decided is whether any of the amounts paid by petitioner to Ruth Merrill, his former wife, during each of those years were alimony, rather than child support, and thus deductible from his adjusted gross income. The parties have filed a stipulation of facts along with exhibits. Although petitioner testified and offered some additional documentary evidence at trial, substantially all of the relevant facts have been stipulated. Petitioner resided in Short Hills, New Jersey, at the time he filed the petition in Docket No. 5130-73, and in Palo Alto, California, at the time he filed the petition in Docket No. 2994-74. Petitioner married Ruth Merrill on June 27, 1947, in Salt Lake County, Utah. Five children were born of their marriage: David, Susan, Elizabeth, Helen and John. In July, 1967, Ruth Merrill filed a complaint in the Superior Court of New Jersey, Chancery Division, against petitioner in two counts, the first for separate maintenance, and the other, in the alternative, for divorce. On October 2, 1967, the *225 Chancery Division issued an order for petitioner to pay Ruth Merrill "the sum of One Thousand ($1,000.00) Dollars per month commencing October 1, 1967, as and for the support of the Plaintiff and the infant children of the marriage between the parties hereto, pendente lite and until the further order of this Court." At a hearing on June 20, 1968, the court determined that the cause of action for divorce should be dismissed, but took no action with respect to the cause of action for separate maintenance, Judge Furman stating: There will be no order as to support. I assume the defendant here recognizes his obligation to support both his wife and the five children of the marriage and he will carry that out. In September, 1968, Ruth Merrill, through her attorney, moved for an order from the Chancery Division "fixing and awarding the amount of support to be paid to the Plaintiff, Ruth B. Merrill, and the children of the marriage * * *." The accompanying affidavit set forth expenses totalling $1,350, on a monthly basis, "for the support and maintenance of the children." By judgment of the Chancery Division on October 21, 1968, petitioner was ordered to pay Ruth B. Merrill the sum of *226 $1,350 per month, commencing on October 1, 1968, "to continue until further order of this Court, said amount to be divided equally for the support of the five children of the marriage between the parties hereto." In addition to the other orders, the Court further ordered that funds on deposit in a trust resulting from the sale of the residence of the parties be distributed one-half to each of the parties, and dismissed Ruth Merrill's cause of action for divorce, having found that her conduct subsequent to petitioner's acts of extreme cruelty constituted a condonation of those acts. Petitioner appealed the judgment of the Chancery Division to the Appellate Division of the Superior Court of New Jersey. On November 21, 1968, the Appellate Division entered an order for stay of judgment which provided that the order of the Chancery Division with respect to the funds held in trust be stayed pending disposition of petitioner's appeal. The Appellate Division further ordered that the judgment of the Chancery division, entered on October 21, 1968, "stand in all other respects pending appeal." Petitioner's wife filed a cross-appeal contesting the dismissal of the divorce action, which was later *227 withdrawn. On October 2, 1969, the Appellate Division rendered a per curiam opinion affirming the Chancery Division Judgment of October 21, 1968. On January 15, 1970, the Chancery Division, with the consent of the parties, dismissed Ruth Merrill's cause of action for separate maintenance but provided that "previous orders for support and counsel fees shall remain in effect." Meanwhile, on January 9, 1970, Ruth Merrill filed a complaint for divorce against petitioner in the District Court of Salt Lake County, Utah. On September 4, 1970, that court ordered that petitioner pay to Ruth Merrill "child support for the minor children and alimony in the amount heretofore ordered by the New Jersey court, said payment to be made forthwith." On October 28, 1970, the court granted a decree of divorce to both parties. The only provision for alimony or child support was the following: Plaintiff is awarded the sum of $1,100.00 per month as child support for a period of one year from the date hereof, or until she complete [sic] a refresher course and apprenticeship in anesthesiology and becomes employed, whichever occurs first, and thereafter the sum is to be reduced to $1,000.00 per month. *228 In April, 1971, petitioner filed two motions, one to modify and the other to dismiss the decree of divorce rendered by the District Court in Utah. Both motions were denied. Petitioner and Ruth Merrill maintained separate residences and lived separate and apart throughout 1969, 1970 and 1971. For each of those years petitioner filed a separate income tax return. He also filed two amended returns for the year 1969. In both 1969 and 1970, petitioner paid Ruth Merrill $16,200 consisting of two payments of $675 each (or a total of $1,350) per month. On his income tax return for each of those years petitioner deducted the $16,200 as a miscellaneous deduction designated "payments made under Court Order for family support." [1]
*229 During 1971, petitioner paid Ruth Merrill $9,720, consisting of two payments of $405 each (or a total of $810) per month. Petitioner reduced the payments to his former wife because only three of their children resided with her during 1971, and the order of the Chancery Division of the Superior Court of New Jersey dated October 21, 1968, required that the $1,350 monthly payments be divided equally for the support of the five children. Petitioner made these payments pursuant to the orders of the New Jersey court because he had been advised that they were still in effect despite the decree of divorce rendered by the District Court of Salt Lake County, Utah, which required that he pay a lesser total amount per month as child support. On his 1971 income tax return petitioner deducted the $9,720 as a miscellaneous deduction designated "alimony". In his deficiency notice for the year 1969, the Commissioner disallowed the deduction claimed for the payments to Ruth Merrill because, "amounts specifically designated as being for the support of the children do not qualify as alimony and are not deductible." In his deficiency notice for the years 1970 and 1971, the Commissioner determined that *230 the amounts paid to Ruth Merrill could not be deducted because petitioner failed to establish: 1. that the amount claimed was expended 2. that the payments were made in accordance with a written agreement or court order 3. that the amount represented alimony payments rather than child support. The applicable legal principles are indisputable. Periodic payments made pursuant to a decree of divorce or separate maintenance or a decree for support are deductible by a husband only to the extent that they are includable in the gross income of his wife, section 215, I.R.C. 1954, [2] and that part of any such payment "which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband" is not so includable. Section 71(a) and (b). [3]
*231 As respondent contends, in each of the years at issue the relevant decree or decrees fixed the entire amount of each payment as child support. The language of the October 21, 1968, decree of the Superior Court of New Jersey, Chancery Division, is unambiguous. Petitioner was ordered to pay $1,350 per month "for the support of the five children of the marriage between the parties hereto." While the subsequent order of the District Court of Salt Lake County, Utah, on September 4, 1970, mentions "child support for the minor children and alimony", it specifically limits those items to "the amount heretofore ordered by the New Jersey court". In the decree of divorce that the Utah court issued on October 28, 1970, the only provision for periodic payments was for "the sum of $1,100.00 per month as child support" to be reduced to $1,000 after a specified period. Nevertheless, petitioner contends that the payments were alimony. In support of his position, petitioner has attempted to prove that he, his wife, and the New Jersey court, intended that the payments be used for the support of both his wife and the children, and moreover, that some of the payments never were received by the children, *232 but rather were used by his wife for her own support and maintenance. Whether or not petitioner's evidence is persuasive, we must find for the respondent, for such evidence of motive, intent or conduct is irrelevant in determining the tax consequences of the periodic payments he made to his wife. Commissioner v. Lester,366 U.S. 299; Geraldine E. Grummer,46 T.C. 674; John C. Giordano,63 T.C. 462, 466-467. As the Supreme Court explained in Lester, Congress has established a hard and fast rule that the language of the decree is conclusive. 366 U.S. at 303. This provides specificity as to the income tax consequences in any particular case and thereby permits the parties to dictate those consequences. 366 U.S. at p. 304; Geraldine E. Grummer,supra,46 T.C. at p. 678. To shift the tax burden from one spouse to the other on the basis of extrinsic evidence of the parties' intent not embodied in the terms of the decree or incorporated agreement, or of their subsequent conduct would defeat this apparent legislative purpose. Therefore, where, as in this case, the language of the decree unambiguously *233 designates that all of the payments are child support, "whether the children received all of the periodic payments and [the wife] none or whether any part of the payments were actually intended and used for [the wife's] support [is] completely irrelevant". Geraldine E. Grummer,supra,46 T.C. at p. 679. And the same is true for the fact that the wife may have sought alimony in addition to child support. Cleveland J. Harris,51 T.C. 980, 986. We must also reject petitioner's argument that the payments should be treated as alimony because the failure of the New Jersey court to designate that they were for the support of petitioner's wife as well as the children was the result of a "clerical or typographical error." Not only does the record fail to support that conclusion, compare Gloria P. Johnson,45 T.C. 530, but in the absence of a subsequent order acknowledging and retroactively correcting any such error, the terms of the original order are controlling. Harbin v. United States,432 F.2d 943 (C.A. 6), reversing per curiam, 307 F. Supp. 490 (E. D. Tenn.); Josephine D. Cothran,57 T.C. 296, 301. *234 Accordingly, we hold that respondent properly disallowed the deductions claimed by petitioner with respect to the payments made to Ruth Merrill in 1969, 1970 and 1971. To reflect concessions on other issues, Decisions will be entered under Rule 155.
Footnotes
1. In 1969 petitioner deducted an additional $1,200 under the same heading which represented his share of the $200 per month interest payments received by Ruth Merrill from the trust into which the proceeds of the sale of the family home had been placed. When the proceeds of the trust were distributed pursuant to the order of the Superior Court of New Jersey, Chancery Division, dated December 8, 1969, petitioner was reimbursed for his share of the interest out of his wife's share of the proceeds, and accordingly, the parties have stipulated that the $1,200 is not deductible.↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩