BADI ZOHOURY and WILMA J. ZOHOURY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zohoury v. Commissioner
Docket No. 11566-80.
United States Tax Court
T.C. Memo 1981-297; 1981 Tax Ct. Memo LEXIS 449; 42 T.C.M. (CCH) 96; T.C.M. (RIA) 81297; June 17, 1981. Fred A. Foley, for the petitioners. James R. Rich, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Pursuant to notice previously given, petitioners' motion for partial summary judgment, filed January 30, 1981, was heard in Detroit, Michigan, on May 11, 1981. Attached to petitioners' motion was an affidavit of one of petitioners and certain other documents. It is petitioners' position that their motion should be granted since there is no genuine issue of fact in respect to the disallowance of a deduction for interest in this case. Respondent opposes petitioners' motion on the ground that the issue to which the motion for summary judgment is addressed is a factual issue, the determination of which depends upon testimony to be taken at trial. The issue to which the motion for summary *450 judgment is addressed is the disallowance by respondent of deductions claimed by petitioners to be payments of interest to the brother, the sister, and the mother-in-law of one of petitioners. The disallowance was on the basis that the amounts did not represent interest paid on a bona fide indebtedness. Petitioners, who are husband and wife, resided in Troy, Michigan, at the time of the filing of the petition in this case. In their petition they allege error on the part of respondent in disallowing interest deductions claimed by them on their 1977 tax return in the amount of $ 52,550. Attached to petitioners' motion for summary judgment is an affidavit of Badi Zohoury (petitioner) in which he states that he and his wife, Wilma J. Zohoury, filed a joint Federal income tax return for the year 1977 with the Internal Revenue Service Center in Cincinnati, Ohio, which return was prepared on the cash receipts and disbursements method of accounting. Mr. Zohoury states in his affidavit that in 1969 he borrowed $ 110,000 from his brother, Zabih Zohoury, and that in February 1970, he wrote a letter to his brother promising to repay the $ 110,000 to him with interest at 10 percent for the *451 first three years and 20 percent thereafter. He attached a copy of this letter to his affidavit. He also attached to his affidavit a document which he stated was a copy of a letter to him from his brother written in 1979. The attached document is addressed to "To Whom It May Concern" and recites that in 1969 and 1970 petitioner borrowed $ 110,000 from Zabih Zohoury with an annual interest rate of 12 percent, the money to be paid back within three years but in case it was not paid back within three years, then the annual interest rate would be 20 percent and it would be paid back in 1980. In the affidavit petitioner stated that in 1969 he borrowed $ 20,000 from his mother-in-law, Irene Warren, and orally promised to repay the amount at the rate of 10 percent annually. He attached to the affidavit a copy of a letter dated November 1, 1979, addressed to "To Whom It May Concern" stating "I loaned Badi Zohoury $ 20,000.00 in 1969 at the annual rate of 10%. Irene Warren". Petitioner stated in his affidavit that in 1969 he borrowed $ 12,000 from his sister, F. Momtoz, and orally promised to repay the amount at the rate of 12 percent annually. To the affidavit he attached a document *452 addressed "To Whom It May Concern" which stated: "Approximately ten years ago, I loaned my brother Badi Zohoury $ 12000 (twelve thousand dollars.) He agreed to pay me up to 12% per year. Sincerely yours, F. Momtoz". In his affidavit petitioner stated that he borrowed the money in order to meet margin calls on stock in 1969, 1970, and 1971 and that, although he intended to repay his relatives as quickly as possible, severe financial problems had prevented him from doing so at the date of the signing of the affidavit on January 27, 1981. Petitioner listed in his affidavit the payments he made to his relatives during 1977 which he deducted on his 1977 tax return as interest payments. It is respondent's position that there are genuine issues of fact in this case with respect to whether the alleged loans were in fact bona fide loans so that amounts claimed to have been paid as interest would be deductible. Petitioners state that they have complied with Rule 121(d) of the Rules of Practice and Procedure of this Court by attaching affidavits made on personal knowledge, whereas respondent has filed no affidavit from personal knowledge but rests upon his denial of petitioners' statements. *453 We do not construe respondent's objection to petitioner's statements in his affidavit to be merely denials. Respondent states that the issue of whether the amounts designated as loans to petitioner by his relatives are in fact bona fide loans is a factual question with respect to which testimony of witnesses, including cross-examination, is necessary. He points out that in the 11 years since the alleged loans were made, petitioner has made no repayment of principal and further that there are some inconsistencies between petitioner's affidavit and the statements of his relatives as to the amount of interest to be paid. We agree with respondent that there are genuine issues of fact as to petitioner's claimed interest deduction in the case. It is well settled that transactions between family members are to be carefully scrutinized to determine whether they are bona fide. See De Reitzes-Marienwert v. Commissioner,21 T.C. 846, 852 (1954). There are many criteria for determining whether transactions between family members are bona fide or are a sham and this determination is one that must be made by the trial judge after hearing all relevant testimony. A taxpayer *454 is not entitled to deduct purported interest payments to a family member made with respect to loans in form if the purported loans are not loans in substance. See Meisel v. Commissioner,422 F.2d 1332 (2d Cir. 1970), affg. a Memorandum Opinion of this Court. A taxpayer is not entitled under section 163, I.R.C. 1954, [1] to deduct an amount purportedly paid as interest on a loan unless the loan creates a bona fide indebtedness. Whether a questionable transaction creates a bona fide debt is a question of fact that must be determined from all evidence received at a trial. Not only is the intention of repayment to be considered, but also the absence of a maturity date for the purported loan, whether the purported indebtedness is evidenced by a note, whether there is security for the purported indebtedness, and other facts which would be indicative of whether a bona fide loan exists. Zimmerman v. United States,318 F.2d 611 (9th Cir. 1963). It is well settled that where there is a genuine issue *455 of fact with respect to an issue, a motion for summary judgment as to that issue should be denied. Giordano v. Commissioner,63 T.C. 462 (1975). Petitioners' motion for partial summary judgment will be denied. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩