T.C. Summary Opinion 2008-50


UNITED STATES TAX COURT


WALTER J. PRZEWOZNIK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15519-06S.          Filed May 5, 2008.


<u>Jonathan P. Decatorsmith</u> and Todd Melton (specially recognized), for petitioner.

<u>Julie A. Jebe</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,113 deficiency in petitioner's Federal income tax for 2004. The sole issue for decision is whether petitioner is entitled to an alimony deduction of $12,461[1] for the taxable year in issue.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Illinois.

During the year in issue, petitioner was employed as a posting supervisor (responsible for managing the advertising schedule and maintenance on billboards) with Clear Channel Outdoor in Chicago.

Petitioner and his former spouse, Lisa Colquitt (Ms. Colquitt) were married on October 23, 1982, in Cook County, Illinois. Two children were born of the marriage. On September 16, 2003, a Judgment of Dissolution of Marriage (judgment) was entered in the Circuit Court of Cook County, Illinois, Domestic

---

[1] Although petitioner claimed an alimony deduction for payments totaling $12,461 for 2004, the record indicates that petitioner actually made payments totaling only $12,000 during 2004.

Relations Division (circuit court).  When the judgment was entered, one of the children--K.P.--was a minor.

In article III of the judgment, the circuit court ordered petitioner to make monthly payments of $1,000 described as "unallocated family support."  With respect to "the minor child" the judgment states that petitioner's "obligation[2] for the child as detailed in this Agreement" would cease when "the child reaches majority or graduates from high school, whichever occurs last, but in no case later than January 15, 2005."  K.P. graduated from high school in June 2004 and turned 18 later that year.  The judgment awarded sole care and custody of K.P. to Ms. Colquitt.

The judgment is otherwise silent as to whether the payments, or any part thereof, were to be deductible as alimony by petitioner and includable in gross income by Ms. Colquitt.  The judgment itself is also silent as to whether petitioner's obligation to make the payments would survive Ms. Colquitt's death.

The judgment incorporates a Uniform Order for Support (order), which was also entered by the circuit court on September 16, 2003.  The order characterizes the payments at issue as "unallocated support" rather than "maintenance" or "child support".  The order lists K.P. as the "Child/ren covered by this

---

[2] "Obligation" is not defined in the judgment.

order". With respect to the termination of the payments, the order states:

> TERMINATION. This obligation to pay child support terminates on January 15, 2005 unless modified by written order of the Court. The termination does not apply to any arrearage that may remain unpaid on that date.

The order also provides that the payments at issue were to be made through an order of support lodged with Clear Channel Outdoor. The payments were accordingly then deducted from petitioner's paychecks bimonthly, and were remitted to Ms. Colquitt through the Illinois Child Support Disbursement Center. In accordance with the terms of the judgment a final payment of $500 was deducted from petitioner's pay and remitted to Ms. Colquitt on January 15, 2005.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner did not argue that section 7491 is applicable, nor did he establish that the burden of proof should shift to respondent. Moreover, the issue involved in this case--alimony--is a legal one to be decided on the record without regard to the burden of proof. Petitioner, therefore, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Section 215 allows an individual a deduction for alimony or separate maintenance payments made during a year if those amounts are includable in the gross income of the recipient under section 71(a). However, payments to support children generally are not deductible. See sec. 71(c)(1). Section 215 provides in relevant part:

SEC. 215. ALIMONY, ETC., PAYMENTS

(a) General Rule.--In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year.

(b) Alimony or Separate Maintenance Payments Defined.-- For purposes of this section, the term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71.

Section 71(a) provides that "Gross income includes amounts received as alimony or separate maintenance payments." As previously stated, alimony or separate maintenance payments are defined by section 71(b)(1), which provides in part:

SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in

> gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The test under section 71(b)(1) is conjunctive; a payment is deductible as alimony only if all four requirements of section 71(b)(1) are satisfied. See Jaffe v. Commissioner, T.C. Memo. 1999-196. The judgment is silent as to whether the petitioner would be required to make payments upon the death of the Ms. Colquitt. Therefore, we must turn to the relevant law of the jurisdiction. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Kean v. Commissioner, T.C. Memo. 2003-163, affd. 407 F.3d 186 (3d Cir. 2005).

Illinois law provides that "Unless otherwise agreed by the parties in a written agreement set forth in the judgment or otherwise approved by the court, the obligation to pay future maintenance is terminated upon the death of either party". 750 Ill. Comp. Stat. Ann. 5/510(c) (West 2004). Accordingly, it appears that the judgment meets the criteria set forth in section

71(b)(1).  Section 71(c)(1), however, provides that section 71(a) "shall not apply to that part of any payment which the terms of the divorce or separation agreement fix * * * as a sum which is payable for the support of children of the payor spouse."

Petitioner argues that because the judgment is silent as to a fixed amount of child support, the "unallocated family support" payments must be alimony.  See Commissioner v. Lester, 366 U.S. 299 (1961).  Petitioner relies on Lester for the proposition that unless the judgment specifies a specific sum as child support, none of an "unallocated" payment will be treated as child support under section 71(c)(1).  To be sure, in applying Lester, this Court had repeatedly refused to allow inference, intent, or other nonspecific designations--such as "unallocated family support"-- to override the clearly defined rule of section 71(c)(1).  See, e.g., Mass v. Commissioner, 81 T.C. 112, 123 (1983); Blakey v. Commissioner, 78 T.C. 963 (1982); Giordano v. Commissioner, 63 T.C. 462 (1975); Grummer v. Commissioner, 46 T.C. 674 (1966).

The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422, 98 Stat. 795, which is applicable to divorce instruments executed after December 31, 1984, amended section 71 and overturned the result in Lester that held that no amount would be considered child support unless it was specifically designated as such in the divorce or separation agreement.

Under the current statute, if any amount specified in the instrument will be reduced: (1) Upon the happening of a contingency related to a child of the payor or (2) at a time which can clearly be associated with such a contingency, then the amount of the specified reduction will be treated as child support rather than alimony. Sec. 71(c)(2); Berry v. Commissioner, T.C. Memo. 2005-91.

With respect to section 71(c)(1), petitioner makes the following contentions as to why the payments at issue are alimony and not child support: (1) The term "unallocated family support"--as used in the judgment--does not explicitly fix a sum as child support; (2) article III of the judgment does not refer specifically to any child; (3) petitioner and Ms. Colquitt reached a compromise during their divorce proceedings (and before entry of the judgment) that petitioner would pay Ms. Colquitt a "settlement sum of $12,000 in monthly installments" and the payments in issue were in accordance with this agreement; and (4) the contingency clause in article VIII of the judgment has no bearing as to the classification of the payments. On the basis of the foregoing, petitioner believes that he is entitled to an alimony deduction for the payments he made in 2004. For the reasons discussed infra, we disagree.

We first note that State law provides no guidance as to the meaning of "unallocated family support", as that term is not

defined by the Illinois statutes pertaining to matrimony.  We also disagree with petitioner as to the presence of "clear language" in the judgment that indicates that the payments described in article III were intended to be for alimony and not for child support.  Finally, we reject petitioner's argument that it was petitioner and Ms. Colquitt's intention throughout their divorce proceedings that petitioner would pay Ms. Colquitt a $12,000 settlement in monthly installments of $1,000.  The judgment is silent as to this purported agreement; and because the $1,000 payments at issue began on October 1, 2003, and ended on January 15, 2005, the total amount petitioner paid--$15,500-- also fails to comport with this alleged $12,000 settlement figure.

On the entire record before us, and for the reasons discussed infra, we hold that the payments at issue were not alimony.  While we do not rely exclusively on the language in the contingency clause, it nonetheless supports our conclusion.

First, we believe that the order is inextricably connected with the payments provided for under article III of the judgment because the order expressly refers to K.P. as the child "covered by [the] order".  As the only issue covered by the order is the $1,000 payments, we fail to see how the payments were not contemplated as being for the support of petitioner's minor child.  Second, petitioner testified that the payments were

deducted bimonthly from his paycheck and remitted--pursuant to the order--to Ms. Colquitt by the Illinois Child Disbursement Center. We fail to see how that particular agency would be used other than for the disbursement of child support payments. Finally, the order's termination clause, previously quoted, specifically refers to the $1,000 monthly payments as "child support" and states that the "child support terminates on January 15, 2005." Petitioner testified that a final payment was deducted from his paycheck on January 15, 2005. Accordingly, and on the basis of the foregoing, we fail to see how petitioner and Ms. Colquitt's use of the term "unallocated family support" could--by itself--characterize the payments as alimony where the aforementioned facts suggest the contrary.

Moreover, pursuant to section 72(c), the contingency clause in the judgment supports our conclusion because it reduced the amount of petitioner's payments as a result of either the happening of an event related to K.P. or at a time clearly associated with such an event. The last deduction from petitioner's pay occurred on January 15, 2005, the same date specified in the contingency clause. We simply do not follow petitioner's argument that the date of his last payment and the date specified in the contingency clause were identical as a result of coincidence. We are also not persuaded to hold for petitioner on the ground that January 15, 2005, was not the date

on which K.P. turned 18 or graduated from high school (the two events specifically mentioned in the contingency clause).

Our review of the entire record--including the contingency clause--has led us to conclude that the phrase "unallocated family support" as used in the judgment is not alimony but child support.  The facts lead us to conclude that the monthly payments at issue, which were made pursuant to an order referring to the payments as "child support", and which ended on a date specified in a contingency clause in the judgment, were--for child support. The facts indicate the true nature of the payments was for child support and not alimony, and taking into account that the cessation date of the payments comports with a date specified in a contingency clause pursuant to section 72(c), we cannot hold that petitioner is entitled to an alimony deduction on the basis of his use of the ambiguous term "unallocated family support".

Accordingly, and on the basis of the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.