CLEVELAND J. HARRIS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2250–67, 2255–67, 449–68.    Filed March 18, 1969.

Cleveland J. Harris, pro se.

---

*Bruce McArdle,* for the respondent.

HOYT, *Judge:* Respondent determined deficiencies in petitioner's Federal income tax for the taxable years 1963, 1964, and 1965 in the amounts of $425.26, $344.25, and $241.70, respectively. He also determined an addition to tax pursuant to section 6651(a) [1] for 1965 in the amount of $36.26.

In these consolidated cases, the principal issue for decision is whether amounts paid by petitioner to his former wife constituted periodic payments under section 71 and therefore were deductible by him pursuant to section 215, or whether the payments were for child support and therefore not deductible. We also must decide whether respondent's determination of an addition to tax for failure to file a timely return for 1965 should be sustained. Other issues have been settled by agreement of the parties, and these concessions and adjustments can be given effect in the Rule 50 computations.

### FINDINGS OF FACTS

Those facts which were stipulated are found accordingly and incorporated herein by this reference.

The petitioner is an individual who resided in New Orleans, La., at the time the petition was filed. His Federal income tax returns for the years before the Court were filed with the district director of internal revenue for the New Orleans District at New Orleans, La.

In 1956 he married Clothilde Dolores Jackson. They were subsequently divorced and he has since remarried. Three children were born of the marriage between petitioner and Clothilde. Each of them was a minor at all times during the years 1963, 1964, and 1965.

Domestic difficulties developed between petitioner and Clothilde and he brought suit for divorce against her in the Civil District Court for Orleans Parish, La.

On April 17, 1961, the petitioner was ordered into that court to show cause "* * * why he should not be condemned to pay alimony and support 'pendente lite' to his wife, Clothilde Dolores Jackson Harris, for her own use, and for the use and benefit of the three minor children born of the marriage."

On May 5, 1961, the Civil District Court ordered the petitioner to pay his wife "$125.00 per month alimony pendente lite, *for the support and maintenance of the minor children of the marriage.*" (Emphasis supplied.)

On August 24, 1961, the court ordered petitioner into court to show cause "why he should not be held in contempt * * * for non-payment of child support and alimony pendente lite."

---

[1] All references are to the Internal Revenue Code of 1954, unless otherwise specified.

Apparently at some earlier time petitioner instituted another action against Clothilde in Reno, Nev., and on August 29, 1961, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, he was granted a divorce. An absolute decree of divorce was entered that date and in that decree the court found that there were three minor children as issue of the marriage and that "the plaintiff is willing and able to pay to the defendant the sum of $41.67 per month for the support of each of said minor children." Accordingly, petitioner was ordered "to pay as child support, during minority, the sum of $41.67 per month for each of said children." The monthly total for child support under the Reno decree was therefore the same as the amount ordered for child support by the Louisiana court in May, $125 per month.

On May 8, 1962, the Louisiana court handed down a judgment in favor of Clothilde Dolores Jackson, wife of the petitioner herein, granting her a separation *a mensa et thoro* and custody of the three minor children of the marriage. Further, petitioner was ordered "to pay child support in the amount of $175.00 per month." Petitioner promptly filed a "rule" to have "alimony for the support of the minor children" reduced to $100 per month.

On June 8, 1962, that same court acted upon petitioner's "Rule to Reduce Child Support" which had been filed on May 28, 1962. It ordered petitioner "to pay to Clothilde Delores Jackson, his wife, reduced alimony in the full sum of $130.00 per month, beginning June 11, 1962 and to continue monthly thereafter until the further orders of the Court *for the support and maintenance of the minor children born of the marriage.*" (Emphasis supplied.) The annual payments under this decree therefore totaled $1,560.

The parties have stipulated that during the years before us, 1963, 1964, and 1965, the petitioner made periodic payments in the total amount of $1,560 per year in discharge of legal obligations which, because of the family relationship, were imposed on him under decrees incident to separation and divorce.

Petitioner deducted $1,560 in his income tax return for each year before us as alimony paid to his former wife. Respondent disallowed these claimed deductions for each year. In his determinations for 1963 and 1964, he stated no reasons but attached short-form statements to the effect that the deficiencies were based on reports of examination previously furnished to the taxpayer. In his statutory notice for 1965, respondent determined that the payments to Clothilde were not alimony but represented amounts payable for child support; since the payments are not includable in the wife's income under section 71, respondent determined that petitioner was not entitled to a deduction

under section 215. He also determined that for that year the petitioner's income tax return was not timely filed without reasonable cause and accordingly asserted an addition to tax under section 6651(a) of 15 percent of the deficiency.

Petitioner's 1965 income tax return was mailed to the Internal Revenue Service in an envelope postmarked June 25, 1966. He computed his tax liability therein as $171.50. His employer had withheld $766.90 in Federal income tax, so that the return reflected that petitioner was entitled to a refund of $595.40. In his notice of deficiency, respondent determined a corrected income tax in the amount of $413.20 for the year 1965, a deficiency of $241.70, and an addition for late filing of $36.26.

### OPINION

The first issue for decision is whether respondent was correct in disallowing deductions claimed by petitioner in each of the years involved for alleged alimony payments made to his wife incident to their separation and divorce. Section 215 allows the deduction to petitioner only if the payments were includable in the gross income of his wife under section 71. That section requires inclusion in the gross income of the wife of payments in discharge of legal obligations which, because of the family relationship, were imposed on him under decrees incident to separation or divorce. (Sec. 71(a)(1)). Payments to support minor children are however exempted from the blanket coverage of section 71(a) by section 71(b). The statutory provisions are set forth in the margin.[2] Thus if the decrees herein fix payments for the support of minor children, the amounts paid are not includable in the wife's gross income, and therefore are not deductible by the petitioner. Sec. 215. On the other hand, if the payments were not decreed or fixed by the decree for the support of the minor children, then the petitioner was correct in taking the deductions. See *Commissioner* v. *Lester*, 366 U.S. 299 (1961).

---

[2] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

    (a) GENERAL RULE.—

    (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

    \*      \*      \*      \*      \*      \*      \*

    (b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

Petitioner relies on *Weil* v. *Commissioner*, 240 F. 2d 584 (C.A. 2, 1957), reversing 22 T.C. 612 and 23 T.C. 630. He urges that his wife sought alimony for herself and child support in the Louisiana court, that the relief she sought was granted, and that therefore all of his payments were alimony. He contended on oral argument that no specific amount for child support was designated by the court orders in question and that the nature of the payments were fixed by the Louisiana courts as "alimony" which falls within section 71(a). Respondent contends that the payments were fixed by the court as child support, regardless of the "alimony" label which was attached. As such, they fall within section 71(b), and do not qualify for deduction by the husband under section 215.

The term "alimony" under Louisiana law is defined in broad terms as whatever is necessary for the support of the person claiming support. La. Civ. Code Ann. art. 230 (Dart 1945). The parent is required by law to support his children. La. Civ. Code Ann. art. 227 (Dart 1945). Money paid for child support is accordingly referred to as alimony in Louisiana. *Holman* v. *Holman*, 219 La. 138, 52 So. 2d 524 (1951). During litigation, the wife is entitled to support payments pendente lite. La. Civ. Code Ann. art. 148 (Dart 1945). After divorce, the wife is similarly entitled to alimony for her support. La. Civ. Code Ann. art. 160 (Dart 1945). All those support payments which are required by law are thus referred to as alimony.

All "alimony" payments are governed by the same standards—need of the recipient and financial circumstances of the person obliged by law to pay. La. Civ. Code Ann. art. 231 (Dart 1945). This is true whether the "alimony" in question is to support a wife pendente lite or after divorce, or to support a child. *Wright* v. *Wright*, 189 La. 539, 179 So. 866 (1938). Thus it is pointed out in *Moser* v. *Moser*, 220 La. 295, 56 So. 2d 553 (1951) and *Wilson* v. *Wilson*, 205 La. 196, 17 So. 2d 249 (1944), that while alimony may be paid to a child (La. Civ. Code Ann. art. 227 (Dart 1945)), to a spouse pendente lite (La. Civ. Code Ann. art. 148 (Dart 1945)), or to a divorced spouse (La. Civ. Code Ann. art. 160 (Dart 1945)), each is a separate right accruing under the Civil Code, but each is governed by the same definition of alimony (La. Civ. Code Ann. art. 230 (Dart 1945)), and standards for its award (La. Civ. Code Ann. art. 231 (Dart 1945)).

While at first blush the petitioner's arguments and the Louisiana Civil Code provisions might appear to be a challenge to the interpretative skills and ingenuity of the Delphic Oracle or even the Gaon of Vilna, our research has disclosed that the term "alimony" apparently may be applied to a multitude of support payments which a man might be required by law to make. In the broad sense this is true because "alimony" is derived from the Latin word "alimonia," meaning sustenance, which applies generally to all support, not merely

that furnished by a husband to his spouse. See Black's Law Dictionary (Rev. 4th ed. 1968), 97; 3 Words and Phrases 178 (perm. ed.). It is particularly true in Louisiana as indicated by the authorities already cited. The "alimony" label does therefore not guarantee inclusion of payments in the wife's income and deduction by the husband. The substance, not the label or form, must control. If the payments are fixed by the terms of the decree as sums payable for the support of minor children, section 71(b) governs. We therefore must interpret the various decrees from the Louisiana and Nevada courts to see if the payments here involved were instead "alimony" for child support under section 71(b).

In *Commissioner* v. *Lester, supra,* the Supreme Court construed section 71(b) by saying that the husband should receive a deduction for any periodic payment to the wife not specifically earmarked by the decree or instrument as payable for the support of children. Thus in our interpretation of the decrees before us we must look to see if the payments were "specifically designated" as child support. *Commissioner* v. *Lester, supra; Chester L. Tinsman,* 47 T.C. 560, 562 (1967), acq. 1967-2 C.B. 3. *Weil* v. *Commissioner, supra,* which has been repeatedly mentioned by petitioner as the authority upon which he relies, teaches the same lesson and dictates the identical result. "The key words of the statute are 'payable for' " according to the *Weil* case, and if the instruments under scrutiny do not specifically fix or designate sums or payments for the support of minor children the amounts paid to the wife are taxable income to her and deductible by the husband.

The years in issue are 1963, 1964, and 1965. On May 8, 1962, the Louisiana court decreed a separation *a mensa et thoro* and ordered petitioner "*to pay child support* in the amount of $175.00 per month" (Emphasis supplied.) No other payments were ordered by that court in that decree. Previously, however, after an initial order to show cause had been entered on April 17, 1961, requiring petitioner to demonstrate why alimony to the wife "for her own use" and for child support should not be awarded "pendente lite," that court had ordered petitioner to pay $125 per month to his wife "for the support and maintenance of the minor children of the marriage." No alimony for the wife was ordered or awarded even pendente lite.

On May 28, 1962, petitioner filed a "Rule to Reduce Child Support." In this motion the petitioner recognized and repeatedly referred to the support payments ordered by the decree of May 8, 1962, as "for the support of his three minor children" or "child support," and concluded by praying that Clothilde show cause why "alimony for the support of the minor children" should not be reduced. The court responded with an order of June 8, 1962, which ordered petitioner to pay "reduced alimony in the full sum of $130.00 per month, beginning June 11, 1962,

and to continue monthly thereafter until the further orders of the Court *for the support and maintenance of the minor children"* (Emphasis supplied.)

The record does not disclose any further Louisiana court proceedings or orders and so we must assume that all payments during the years in issue were pursuant to the decrees mentioned immediately above. We reject completely petitioner's apparent contention that the interlocutory or temporary orders to show cause why alimony "pendente lite" for the wife should not be paid, entered in 1961, are the governing or controlling decrees or instruments that fix the nature of the payments before us. The fact that a wife asks for or seeks alimony for herself is immaterial and irrelevant if in fact the decretal award includes nothing but support fixed for the minor children.

The Nevada divorce of August 29, 1961, ordered petitioner to pay $41.67 per month as child support. No other payments were ordered by that court, and petitioner does not urge that the Nevada decree was the one which generated his payments to Clothilde. It is obvious that thereunder all payments were designated and fixed for support of minor children.

We have found that petitioner paid $1,560 per year to his wife. Since the Nevada divorce seems to have been ignored by the Louisiana courts and the parties, we conclude that the above figure was apparently and obviously dictated by the June 8, 1962, order of the Louisiana decree, operative during the years before the Court, ordering reduced alimony for the support and maintenance of the minor children in the amount of $130 per month, or $1,560 per year, the exact amount paid.

As our survey of Louisiana law revealed, "alimony" indicates nothing more than a required support payment. The decrees before us clearly reflect that the payments in issue were specifically earmarked and designated for the support of the children. Accordingly, they fall within section 71(b), and fail to qualify for the deduction permitted by section 215. We therefore conclude and hold that the respondent was correct in denying the deduction for alimony to the petitioner in each of the years in issue.

Respondent also determined an addition to tax pursuant to section 6651(a)[3] for the taxable year 1965 in the amount of $36.26. Petitioner's

---

[3] SEC. 6651. FAILURE TO FILE TAX RETURN.

(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

return for that year was not filed until at least 2 months and 10 days after it was due. Respondent arrived at the addition to tax by taking 15 percent (i.e., 5 percent for each late month or fraction thereof) of the deficiency he later determined ($241.70).

Section 6651(a) imposes the addition to tax based upon a percentage of the amount of tax required to be shown on the return. Section 6651 (b)[4] directs that when computing the addition to tax, the amount of tax required to be shown on the return should be reduced by the amount of tax which had been paid before the return was originally due.

We have held that respondent was correct in his determination that petitioner's income tax liability was $413.20, rather than $171.50, and therefore sustained the 1965 deficiency of $241.70. We found as a fact that petitioner paid $766.90 in withholding tax during the calendar year 1965. Pursuant to section 6651(b), the amount of tax required to be shown on the return ($413.20) must be reduced by the amount which had been paid before the date upon which the return was due ($766.90), or to zero. Since the addition to tax of section 6651(a) is computed based upon the amount required to be shown (zero) no addition to tax is due.

The Commissioner's regulations concur in result with our refusal to sustain the addition to tax as determined. Section 301.6651–1(b) explains by example that withholding taxes paid during the year in issue are used to reduce the amount required to be shown on the return. Therefore, respondent's determination of an addition to tax is erroneous and cannot be sustained.

Accordingly,

*Decisions will be entered under Rule 50.*

[4] SEC. 6651. FAILURE TO FILE TAX RETURN.

(b) PENALTY IMPOSED ON NET AMOUNT DUE.—For purposes of subsection (a), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed upon the return.