Arnold Bennett Glenn and Carolyn S. Frank, as Executors of William S. Frank, Deceased, and CarolynS. Frank, Surviving Spouse v. Commissioner.
Glenn v. Commissioner
Docket No. 583-70 SC.
United States Tax Court
T.C. Memo 1970-338; 1970 Tax Ct. Memo LEXIS 21; 29 T.C.M. (CCH) 1640; T.C.M. (RIA) 70338; December 14, 1970, Filed Arnold Bennett Glenn, 22 E. 40th, New York, N. Y., for the petitioners. Fred L. Baker, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent *22 determined a deficiency of $712.43 in the income tax of petitioner Carolyn S. Frank and her deceased husband, William S. Frank, for the year 1966. The sole issue is whether, pursuant to sections 71 and 215, [1] a deduction is allowable for the amount of $4,800 paid by William S. Frank to his former wife during 1966. *23 All of the relevant facts have been stipulated and are found accordingly. Petitioner Arnold Bennett Glenn is coexecutor of the Estate of William S. Frank, deceased (hereinafter sometimes referred to as "William"). Glenn's office was 1641 located in New York, New York, at the time of the filing of the petition herein. Petitioner Carolyn S. Frank is coexecutor of the same estate and also the surviving spouse of William S. Frank. She was a legal resident of Arlington, Virginia, at the time of the filing of the petition herein. William and Carolyn S. Frank filed a joint return for the taxable year 1966 with the district director of internal revenue, Richmond, Virginia. William and Vatia Frank (hereinafter sometimes referred to as "Vatia") were married in 1947. They had three children, Norman, Robert, and Gean. None of them had attained their majority prior to or during the taxable year in question. William and Vatia were divorced pursuant to a decree entered on August 4, 1960 by the Circuit Court of Arlington County, Virginia. This decree specified that the children were to reside with Vatia and approved, ratified, and confirmed a separation agreement entered into by William *24 and Vatia on October 10, 1959. The agreement provided in pertinent part: 4. The husband covenants and agrees to pay to the wife the sum of $400.00 per month as support and maintenance for the wife and three minor children. (a) The said sum of $400.00 per month shall be paid by the husband to the wife, each and every month in three installments, beginning on the first day of October, 1959, and shall continue so long as said minor children or any one of said children remains under the age of twenty-one years or become self-supporting whichever event first occurs. (b) In the event that the parties hereto be divorced from the bonds of matrimony the said sum of $400.00 shall continue to be paid by the husband to the wife as support and maintenance for said minor children so long as any of said children remains under the age of twenty-one years; provided further, that if at the time said children have reached their majority or become self-supporting, the wife remains unmarried, then and in that event the husband shall commence paying to the wife the sum of $250.00 per month as and for alimony which said sum shall continue to be paid to the wife each and every month thereafter so long *25 as she may live, or until her remarriage, whichever event first occurs. Vatia Frank remarried sometime prior to 1966. During the taxable year in question, William S. Frank made monthly payments of $400 per month to his former wife pursuant to the terms of the above agreement and decree. In their 1966 joint return, William and Carolyn S. Frank deducted the full amount of the payment. We are again confronted with the necessity of applying the strict rule of interpretation of section 71(b) laid down by the Supreme Court in Commissioner v. Lester, 366 U.S. 299 (1961), in light of the unfortunate but commonly encountered imprecision with which separation agreements are drafted. For that section to apply, the agreement (or for that matter the decree) must "specifically designate" or "fix" the amount of support for the children and such designation must be explicit on the face of the agreement or decree. See 366 U.S. at pp. 303, 305; Commissioner v. Gotthelf, 407 F. 2d 491 (C.A. 2, 1969), affirming 48 T.C. 690 (1967); Van Oss v. Commissioner, 377 F. 2d 812 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court, Metcalf v. Commissioner, 343 F. 2d 66 *26 (C.A. 1, 1965), affirming 42 T.C. 825 (1964); Vernon K. Carle, 54 T.C. 827 (1970); Cleveland J. Harris, 51 T.C. 980 (1969). The fact of the matter is that the agreement herein on its face has two conflicting provisions. On the one hand, it provides in the opening part of paragraph 4 that $400 per month is to be paid "as support and maintenance for the wife and three minor children" and paragraph 4(a) provides that these payments shall continue as long as any child is a minor. On the other hand, the first clause of paragraph 4(b) provides that, after divorce (which in fact occurred), the same sum is to be paid "as support and maintenance for said minor children." The only qualification is the latter part of paragraph 4(b) which provides that if the wife remains unmarried and the children have reached their majority, the wife is to receive alimony of $250 per month. The first condition (termination of the wife's unmarried status) but not the second (the attaining of majority by the children) has occurred. The situation which in fact exists herein, i.e., remarriage by the wife but the children still under the age of twenty-one, is not covered. *27 Such being the case, we are left with an unresolved ambiguity which cannot be resolved within the limits of the "specific designation" rule of Lester. Compare Commissioner v. Gotthelf, supra, with Cleveland J. Harris, supra.To hold, as respondent contends, that the first clause of 1642 paragraph 4(b) is controlling would require us to conclude that such clause "unfixes" the opening part of paragraph 4. This we cannot do. Compare Geraldine E. Grummer, 46 T.C. 674 (1966). Indeed, respondent's interpretation would produce the anomalous result that the same amount, to wit, $400 per month, which was provided for the support of both Vatia and the children should be transmuted into a "specific designation" for the support of the children alone - a result which would at least imply that no part of such amount should at any time have been considered as being for the support of Vatia. In this connection, we note that we do not have before us a subsequent provision clearly earmarking for the support of the children alone a part of a larger amount, which had initially been designated as support for a wife and children. Compare Commissioner v. Gotthelf, supra; *28 Metcalf v. Commissioner, supra. Nor can we agree with respondent that the latter part of paragraph 4(b) becomes operative in all events upon remarriage so as to preclude the deduction herein. As we have already pointed out, the contingencies specified, i.e., remarriage and attainment of majority by all the children, had not occurred. Even if under Virginia law a Virginia court may have been without power to require William to make "alimony" payments to Vatia during the year in question, we find no basis for concluding that it would have considered the fact of Vatia's remarriage relevant and would have relieved William of the obligation of "support and maintenance" imposed upon him by the other ambiguous provisions of paragraph 4. Dienhart v. Dienhart, 210 Va. 101, 168 S.E. 2d 279 (1969); Martin v. Martin, 205 Va. 181, 135 S.E. 2d 815 (1964); Durretttt v. Durrett, 204 Va. 59, 129 S.E. 2d 50 (1963); Henebry v. Henebry, 185 Va. 320, 38 S.E. 2d 320 (1946). See also Note, "Alimony and Property Settlement Agreements in Virginia," 42 Va. L. Rev. 710, 720-723 (1956). Compare Allen Hoffman, 54 T.C. 1607 (1970); *29 Martha K. Brown, 50 T.C. 865 (1968), affirmed per curiam, 415 F. 2d 310 (C.A. 4, 1969); Cleveland J. Harris, supra.
Decision will be entered for the petitioners. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.↩