LEROY H. NILSON and MARY LOU NILSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nilson v. Commissioner
Docket No. 23296-81.
United States Tax Court
T.C. Memo 1983-718; 1983 Tax Ct. Memo LEXIS 70; 47 T.C.M. (CCH) 497; T.C.M. (RIA) 83718; December 1, 1983. Leroy H. Nilson, for the petitioners. Mary E. Pierce, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1978 in the amount of $17,896.72, together with additions to tax for that year in the amount of $521.68 under the provisions of section 6651(a). [1] After concessions, the following items remain in controversy: (a) the deductibility of certain items claimed by petitioner Leroy H. Nilson in connection with his employment as an airline pilot; (b) the deductibility of certain expenses and losses claimed in petitioners' joint return with respect to the operation of a small business corporation, all of whose stock was owned by petitioner Leroy H. Nilson; and (c) whether petitioners are liable for a five percent addition to tax under section 6651(a)(1) for the late filing of their 1978 income tax return. *72 Some of the facts have been stipulated and are incorporated herein by this reference. At the time of filing their petition herein, petitioners were residents of Bloomington, Minnesota. Petitioners' joint Federal income tax return for the calendar year 1978 was executed by petitioners without date, by their return preparer on November 18, 1979, and was received by respondent on November 20, 1979. I. Employee Expenses.
During 1978, petitioner Leroy H. Nilson (hereinafter "petitioner") was employed by North Central Airlines as a pilot. In connection with this employment, petitioner was required to, and did purchase a black raincoat with a zipin lining and a pair of black shoes, to wear as part of his airline pilot's uniform. The cost of these items was $64 and $26, respectively. These items of clothing bore no distinguishing marks or other characteristics identifying them with North Central Airlines, and were suitable for wear by petitioner, whether he was on duty or not. A personal deduction for these items was claimed in petitioners' 1978 return and was disallowed by respondent. Petitioner also claimed a personal deduction of $1,797 for union dues and assessments *73 in connection with his employment as an airline pilot. Respondent allowed $1,515 of this amount, and disallowed the balance of $282 for lack of substantiation by petitioner. In connection with his employment as a pilot, petitioner claimed expenses for meals consumed while he was on duty away from home. Petitioner estimated his expenses in connection with these meals at $3,080, of which he was reimbursed by North Central Airlines in the amount of $2,037. Petitioner claimed the balance of $1,043 as unreimbursed employee expenses in his 1978 return. The petitioner maintained no records with respect to such expenses. With respect to the clothing items, although petitioner has established that he incurred the above expenditures for these items, he also conceded that they were suitable for ordinary wear and use, not only when serving as an airline pilot on duty, but also at other times. We must accordingly hold that he is not entitled to deductions for these items. Fausner v. Commissioner,T.C. Memo. 1971-277, affd. on another issue 472 F.2d 561 (5th Cir. 1973), affd. 413 U.S. 838 (1973); Christey v. United States, 81-2 USTC par. 9644 (D. Minn. 1981); *74 48 AFTR2d 81-5796. With respect to the claimed items involving union dues and meal expenses, petitioner has the burden of proof to establish both the amount and the allowability of the claimed items, Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a). Petitioner in this record has simply failed to substantiate the allowability of any greater amounts than those allowed by respondent. He admitted that he maintained no record of his away from home meal expenditures, as required by section 274(d) and section 1.274-5(c), Income Tax Regs.Hawbaker v. Commissioner,T.C. Memo. 1983-665. We accordingly sustain respondent on all the above adjustments. II. Expenses and Losses Related to Operation of Small Business Corporation.
During 1978, petitioner was an officer and the sole shareholder of a small business corporation (within the meaning of sections 1371 et seq.), known as Lee Nilson Enterprises, Inc., doing business as Richardson's Bay Resort, in Hayward, Wisconsin. From time to time during the year, petitioner went to the resort for the purpose of managing it, and while he was there, he lived in a house or apartment which *75 was attached to the bar of the resort. These living quarters included kitchen facilities, and on some occasions petitioner prepared and ate his meals there. In his 1978 return, petitioner claimed a deduction of $5,400 for meals while he was at Richardson's Bay Resort. Petitioner maintained no records with regard to these meal expenditures. In the 1978 tax return which was filed for Lee Nilson Enterprises, Inc., a net operating loss of $23,377 was shown, which petitioners claimed in their joint return as a loss from a small business corporation. Upon audit, respondent disallowed petitioners' claimed deduction of $5,400 for meals for lack of any substantiation. With respect to the claimed loss from the small business corporation, respondent has conceded $20,047.46, and has disallowed the remaining $3,329.56, again for lack of substantiation. At trial, petitioner produced no substantiation of any nature which would support the amounts claimed, in addition to those which were allowed by respondent. Here again the burden with respect to these items was upon petitioner, Welch v. Helvering,supra, and we have no choice but to hold in favor of respondent. *76 III. Additions to Tax Under Section 6651(a).
Except where an extension of time for filling is granted by respondent, see section 6081(a), petitioners' joint return for the calendar year 1978 was due to be filed on or before April 15, 1979. Section 6072(a). There is no evidence in this case of any extension of time for filing. The record shows that it was actually received by respondent on November 20, 1979. Section 6651(a)(1) imposes an addition to tax, at the rate of five percent a month, but not to exceed 25 percent, of the amount required to be shown on the return, where the taxpayer's return is filed late and "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." The burden of proof to establish such reasonable cause is upon petitioners. Neubecker v. Commissioner,65 T.C. 577 (1975); Hawbaker v. Commissioner,supra.
Aside from petitioner's statement that their tax preparer was always very busy at the tax filing season and tended to get behind, which on the record herein is not an allowable excuse, Dritz v. Commissioner,T.C. Memo. 1969-175, affd. 427 F.2d 1176 (5th Cir. 1970), *77 petitioners' only defense to the asserted addition to tax under section 6651(a)(1) is that no such addition is applicable where no additional tax is due, but rather a refund of tax. Although petitioners' argument in this respect is not entirely clear, we interpret it to mean that, since petitioners' total tax liability (as they contend) will be less than the tax withheld from petitioners' wages for 1978, and disclosed in their return, in the amount of $16,336, no addition to the tax herein will be appropriate. As a general statement of the rule as to the amount on which the addition to tax under section 6651(a)(1) will be imposed, petitioners' position has merit. Harris v. Commissioner,51 T.C. 980 (1969); section 301.6651-1(d)(1), Proced. & Admin. Regs. Whether this rule will relieve petitioners from any liability for the disputed addition to tax herein will have to await the outcome of the necessary recomputation of liability under rule 155, pursuant to our opinion herein. If such recomputation shows that petitioners' liability for tax is less than the amount withheld from petitioners' tax in 1978, and disclosed on their return, then no addition to the tax *78 will be due. Otherwise, petitioners having shown no reasonable excuse for late filing, the addition will be due on the excess of their tax liability over the amounts withheld. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Urles of Practice and Procedure of the United States Tax Court, unless otherwise noted.↩