LINDSAY D. FRANKLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franklin v. Commissioner
Docket No. 1333-83.
United States Tax Court
T.C. Memo 1985-140; 1985 Tax Ct. Memo LEXIS 489; 49 T.C.M. (CCH) 1035; T.C.M. (RIA) 85140; March 26, 1985. *489 Petitioner filed an altered Form 1040 on which he categorizes his wages as "Non-taxable receipts." Held, wages are subject to tax; the tampered form was not a return; additions to tax are found; and damages are awarded to the United States. Peter I. Chirco, for the petitioner. Mark E. Rizik, *490 for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgement filed pursuant to Rule 121. [1] No response to the Motion was filed by petitioner. At the hearing on the Motion for Summary Judgment, at which both parties were represented by counsel, [2] the Motion was taken under advisement. For convenience our Finding of Fact and Opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1981 in the amount of $10,796.00.The petition alleges that the Commissioner erred in finding petitioner's wages to be taxable income. The petition also contains other frivolous or meritless contentions. [3]
*491 In the Answer, respondent denied the petition allegations and alleged: (1) That the document petitioner filed is not a tax return and that, therefore, petitioner is liable for an addition to tax of 25 percent of the underpayment pursuant to section 6651(a)(1); and (2) that petitioner is liable for an addition to tax in the amount of $539.80 (i.e., 5 percent of $10,796.00) under section 6653(a)(1). Respondent also requested that appropriate damages be awarded to the United States under section 6673. Petitioner did not file a reply; therefore, the affirmative allegations in the answer are deemed denied.Rule 37(c). We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121. If summary judgment is warranted, we must then decide: (1) Whether wages earned by petitioner in 1981 are includable in his gross income for that year; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); (3) whether petitioner is liable for an addition to tax pursuant to section 6653(a); and (4) whether an award of damages pursuant to section 6673 is merited. Certain facts *492 are not disputed. The undisputed documents supplied by respondent in an affidavit with exhibits filed in connection with the instant Motion [4] and the undisputed facts in the pleadings constitute the facts used for the purposes of this decision. Rule 121(b). Petitioner resided in Ypsilanti, Michigan when the petition was filed *493 in this case. During the 1981 taxable year, petitioner was employed by Motor Wheel Corporation and received wages totaling $32,648.31. Petitioner submitted to the Internal Revenue Service as his 1981 return a document which was prepared by making changes to the official Treasury Form 1040 in such fashion (by printing or typing) that the changes may not be apparent to the casual reader. In two places in the left margin of this "form" the word "Income" is replaced by "Receipts." On line 8a the words "Interest income" are replaced by the words "Interest receipts." [5] On line 21 the word "income" is obliterated. Additionally, lines 22 through 28 have been revised to read: 22 Non-taxable receipts 23 Title 26, Section 1(a)(b)(c)(d) 24 Brushaber v. Union Pacific R.R., 240 U.S. 1
25 Stanton v. Baltic Mining Co., 240 U.S. 103
26 Eisner v. Macomber, 252 U.S. 189
27 Murdock v. Penn., 319 U.S. 105
28 Penn Mutual Indemnity Co. v. Comm'r, 32 T.C. (1959) [6]
*494 On his purported 1981 return, petitioner reported the amount of $32,648.31 as "wages, salaries, tips, etc." and attached a Form W-2 reflecting this amount. On line 22 of this document, petitioner deducted the identical amount under the heading "Non-taxable receipts." The net effect of these offsetting entries was to create a zero tax liability. Since his employer had withheld against the amounts paid petitioner during 1981, petitioner claimed a refund of $6,528.85. By letter on Form CSC 8-255-B dated September 10, 1982, respondent informed petitioner that the tampered form was "not acceptable as an income tax return because it does not contain information required by law, and it does not comply with Internal Revenue Code requirements." Since petitioner took no action in response to this letter, respondent issued a statutory notice of deficiency to petitioner wherein his wages were included in taxable income and a deficiency determined. For the taxable year 1978 petitioner reported on an official Treasury Form 1040 wages he received as taxable income and showed the appropriate tax on such income. In 1979, however, petitioner's protest, and his abuse of this Court, commenced. *495 On February 26, 1982, he filed a petition concerning the deficiency determination for his 1979 taxable year in which he argued that wages were not subject to Federal income tax (docket No. 4425-82). The Memorandum Sur Order and Order and Decision in that case held that petitioner's claim that wages were non-taxable was "patently without merit" and additions to tax pursuant to sections 6653(a) and 6651(a) were found. Five days before that Order and Decision, petitioner filed his second protestor petition with this Court asserting that wages received in 1980 were not taxable. On May 24, 1984 petitioner's second case was dismissed for failure properly to prosecute. (T.C. Memo. 1984-278.) The opinion in that case again held that petitioner's contention that wages were not taxable was frivolous and additions pursuant to sections 6653(a) and 6651(a) were found. Additionally, damages were awarded to the United States under section 6673. It is clear petitioner has studied court cases, statutes, rules and regulations pertaining to income tax. He recognizes that this Court has on numerous occasions categorized the argument that wages are not subject to income tax as frivolous and utterly *496 without merit. In fact, approximately 6 months before filing his petition in this case, the Order and Decision in petitioner's first protestor case was issued. Therefore, petitioner knew his claims in this case were frivolous when this suit was instituted. The threshold issue is whether a motion for summary judgment is appropriate in this case. We conclude that it is. Rule 121. The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [7] In passing upon such a motion, the factual materials presented "must be viewed in the light most favorable to the party opposing the motion." Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Elkins v. Commissioner,81 T.C. 669 (1983). Since respondent is the movant, he has the burden of proving there is *497 no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. There is no dispute among the parties as a factual matter that petitioner received wages during 1981 in the amount of $32,648.31 as reflected on the Form W-2 which he received from his employer. The only justiciable error that petitioner alleges is that such amounts are not taxable, a legal issue. Petitioner does not question and thereby concedes the authenticity of respondent's evidence attached as exhibits to the submitted affidavit. The pleadings, summary judgment motion, affidavit, and exhibits establish that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proof is upon petitioner with respect to the deficiency set forth in the statutory notice and upon respondent as to the issues raised in the answer. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner's frivolous contention that his wages are not taxable has been considered and rejected by this Court in numerous prior cases, including two cases involving petitioner for previous taxable years, [8] and merits no further discussion. *498 See Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Petitioner maintains that the document he filed provides sufficient information from which respondent could determine his tax liability and, therefore, no addition to tax pursuant to section 6651(a)(1) is warranted. We disagree. See Based v. Commissioner,82 T.C. 766, 774-780 (1984), on appeal 6th Cir. September 24, 1984; [9]Jarvis v. Commissioner,78 T.C. 646, 653 (1982). In petitioner's second protestor case where a document virtually identical to the purported return in this proceeding had been filed, the Court carefully considered petitioner's argument. We find the Court's conclusions in this case applicable here as follows: As is apparent from the face of the document filed, petitioner did not make a good faith effort to file an authentic return, but rather filed a document *499 which set forth petitioner's frivolous protest position.We find petitioner's failure to file a proper return was deliberate and in open disregard of the statute and respondent's regulations. Petitioner's failure to file a return is due to willful neglect and not due to reasonable cause. Therefore, petitioner is liable for the addition to tax under section 6651(a). T.C. Memo. 1984-278. The addition to tax imposed by section 6651 is computed on the difference between the deficiency and the amount of tax withheld or $4,267.15. Harris v. Commissioner,51 T.C. 980 (1969). Because petitioner did not file a return, he is subject to the maximum addition to tax under this section of 25 percent of this amount or $1,066.79. In determining petitioner's liability for an addition to tax pursuant to section 6653(a), the undisputed facts before the Court compel us to find for respondent, who has met his burden of proving that petitioner's *500 underpayment of tax was due to intentional disregard of rules and regulations. See Board v. Commissioner,supra; Franklin v. Commissioner,T.C. Memo. 1984-278. We find petitioner liable for an addition to tax pursuant to section 6653(a) in the amount of $539.80. The final issue for resolution is whether damages under section 6673 should be awarded. As noted by the Court at the hearing on respondent's Motion for Summary Judgment: * * * This particular taxpayer has had three days in court on the same totally frivolous grounds. * * * there's no justification in the Court's judgment for continuing to misuse and abuse the court system in order to make arguments which are known from the start are totally frivolous. Given his repeated abuse of this Court and the frivolous nature of this proceeding, we award damages to the United States in the amount of $5,000. An appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner retained counsel approximately 3 weeks prior to the hearing.↩
3. For example, petitioner is not entitled to court costs and disbursements which he requests. McQuiston v. Commissioner,78 T.C. 807 (1982), affd. without published opinion 711 F.2d 1064 (9th Cir. 1983); Sharon v. Commissioner,66 T.C. 515, 533 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941↩ (1979).
4. In conjunction with the Motion for Summary Judgment, responded filed a Memorandum of Law and an affidavit of Mark E. Rizik, respondent's counsel who has custody and control over the Commissioner of Internal Revenue's administrative files, with attached exhibits. These exhibits include: A copy of the statutory notice sent to petitioner for the 1981 tax year; copies of Forms W-2 issued to petitioner for 1978 through 1981; a copy of petitioner's 1978 return and copies of his purported "returns" for 1979 through 1981; a copy of the Memorandum Sur Order and Order and Decision in petitioner's case dealing with his 1979 tax liability (docket No. 4425-82); a copy of a Form CSC 8-255-B letter from respondent to petitioner dated Sept. 10, 1982; and a copy of the Memorandum Sur Order and Order and Decision in Kaye v. Commissioner,↩ docket No. 26813-82.
5. $380 of "Interest receipts" is reported by petitioner for 1981. This amount is also reported on line 31 as "Adjusted gross income." ↩
6. The signature section of page 2 has also been modified by adding the following sentence: "Signed involuntarily, under threat of statutory punishment." At the bottom of page 2 the phrase "Copyright, Eugene J. May 1981" is printed.↩
7. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩ (1973).
8. Docket No. 4425-82, Order and Decision entered June 28, 1982 and docket No. 14451-82, T.C. Memo. 1984-278↩ dated May 24, 1984 and Decision dated May 29, 1984. Petitioner's counsel conceded petitioner's liability for the deficiency at the hearing on the instant Motion.
9. This is one of the 23 cases on this Court's March 5, 1984 trial calendar involving tampered Forms 1040 and referred to in Beard v. Commissioner,82 T.C. 766, 770↩ (1984), on appeal 6th Cir. Sept. 24, 1984.