HERSHAL R. & BETTY G. CONN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conn v. Commissioner
Docket No. 31587-83.
United States Tax Court
T.C. Memo 1985-486; 1985 Tax Ct. Memo LEXIS 143; 50 T.C.M. (CCH) 1075; T.C.M. (RIA) 85486; September 18, 1985. *143 Held: Petitioners' wages are subject to tax; additions to tax are sustained; and damages are awarded to the United States pursuant to section 6673. Hershal R. & Betty G. Conn, pro se. Roslyn G. Taylor, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined the following deficiencies in, and additions *144 to, petitioners' Federal income taxes: Additions to Tax
Section
Section
Section
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
1979
$4,801.00
$422.47
$240.05
N/A
1980
5,681.00
517.49
284.05
N/A
1981
6,735.00
259.49
336.75
50% of the
interest due
on $6,735.00
The issues for decision are: (1) Whether petitioners are liable for the deficiencies and additions to tax for 1979, 1980, and 1981 as determined by respondent; and (2) whether damages should be awarded to the United States under section 6673 and, if so, in what amount. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Hershal R. and Betty G. Conn, were residents of Grovetown, Georgia, where they filed their petition. During the years at issue, petitioners received compensation or retirement pay from the following sources and in the following amounts: Year
Source
Amount
1979
Mr. Conn
Department of the Army
(retirement pay)
$ 7,821.04
Aiken City Board of Education
(compensation)
11,294.50
Appliance Land (compensation)
312.75
Mrs. Conn
Department of the Army
(compensation)
8,119.60
Total
$27,547.89
1980
Mr. Conn
Department of the Army
(retirement pay)
$ 8,857.92
Aiken City Board of Education
(compensation)
12,587.68
Mrs. Conn
Department of the Army
(compensation)
8,855.26
Total
$30,300.86
1981
Mr. Conn
Department of the Army
(retirement pay)
$ 9,731.80
Aiken City Board of Education
(compensation)
13,944.72
Mrs. Conn
Department of the Army
(compensation)
9,875.58
Total
$33,552.10
*145 Petitioners filed joint Federal income tax returns for the calendar years in issue on the following dates: Taxable Year
Date Return Filed
1979
June 3, 1982
1980
June 7, 1982
1981
June 7, 1982
To each of these returns petitioners attached Forms W-2 and W-2P indicating payment to petitioners of the compensation and retirement payments set forth supra. However, on each return petitioners reported that they had received no income during each year. Petitioners attached to their returns affidavits admitting receipt of funds from current employers reflected on the W-2 forms but claiming that the amounts reflected thereon did not constitute income because they were "an equal exchange, value for value * * *." [2] The returns and Forms W-2 and W-2P also indicate Federal income taxes were withheld as follows: Year
Amount Withheld
1979
$3,111.14
1980
3,611.04
1981
4,140.08
For the taxable year 1977, petitioners filed a timely joint tax return on which they reported as income *146 compensation and retirement payments reflected on their attached W-2 and W-2P forms. Although petitioners' tax return for 1978 was not filed until March 1982, they correctly reported as income the amounts they received as compensation and retirement payments. On April 19, 1982, petitioners each filed with their employer a Form W-4 claiming to be "Exempt" from tax and stating that in the prior year (1981) they owed no Federal income tax. On August 10, 1983, respondent sent a statutory notice of deficiency to petitioners which determined that petitioners' wages and retirement payments for the years 1979 through 1981 constituted gross income that should have been reported as such on their returns and that petitioners were liable for additions to tax pursuant to section 6651(a)(1) and 6653(a). At trial petitioners presented no evidence and merely repeated their frivolous position that their wages [3] did not constitute income despite the fact that respondent 1 month earlier had mailed to petitioners a copy of the Court's decision in Abrams v. Commissioner,82 T.C. 403 (1984), which held such an argument to be clearly without merit. Accordingly, respondent filed a *147 Motion to Impose Damages Under I.R.C. § 6673 at the commencement of trial. OPINION The burden of proof is upon petitioners with respect to the deficiencies and additions to tax set forth in the statutory notice. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners' frivolous contention that their wages are not taxable has been considered and rejected by this Court is numerous prior cases and merits no further discussion. Section 61; Eisner v. Macomber,252 U.S. 189, 207 (1920); Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). With regard to the additions to tax pursuant to section 6651(a)(1), there is no dispute that the return for 1979 was filed more than 2 years late, the return for 1980 was filed more than 1 year late, and the return for 1981 was filed almost 2 months late. The evidence is clear, and petitioners have not met their burden of proving that their actions in this case were *148 anything other than deliberate, intentional, and in complete disregard of the statutes and respondent's regulations. Petitioners have not alleged any reasonable cause for their failure timely to file and, thus, additions to tax pursuant to section 6651(a)(1) are warranted. The addition to tax imposed by section 6651 is computed on the difference between the deficiency and the amount of tax withheld, or $1,689.86 for 1979, $2,069.96 for 1980, and $2,594.92 for 1981. Harris v. Commissioner,51 T.C. 980, 987 (1969). Because petitioners did not file timely returns, they are subject to the maximum additions to tax under this section of 25 percent of these amounts for 1979 and 1980, $422.47 and $517.49, respectively, and to an addition to tax of 10 percent of the amount for 1981 or $259.49. In determining petitioners' liability for additions to tax pursuant to section 6653(a), we note that they have shown that they knew of their reporting duty and how properly to report their income on their 1977 and 1978 tax returns. Approximately 1-1/2 months before they filed the returns for the years at issue here, they also filed false W-4 forms claiming to be exempt from tax. *149 Other than their frivolous position that their wages are not income, petitioners have made no attempt to explain their filing of these false forms. We conclude that petitioners have not met their burden of proving that their entire underpayments of tax were not due to intentional disregard of the rules and regulations. Therefore, respondent's determinations as to additions to tax pursuant to section 6653(a) are sustained. We come now to the final issue whether damages should be awarded under section 6673 against petitioners. Their conduct from the filing of their petition has demonstrated that their principal purpose has been to abuse the resources of this Court in order to delay the inevitable time of reckoning with respondent. This position is clearly frivolous. For those reasons, respondent's motion is granted and we award damages to the United States under section 6673 in the amount of $5,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. No affidavit of Mrs. Conn was attached to the 1979 return concerning her wages. Separate affidavits of each petitioner were attached to the 1980 and 1981 returns.↩
3. Apparently, petitioners' assertions as to "wages" refers to both current wages and Mr. Conn's retirement income.↩